NANCY PACK, ADMINISTRATRIX OF WALTER PACK, v. T. C. AUMAN AND KELLY RUSSELL.

(Filed 7 January, 1942.)

1. **Automobiles §§ 7, 18a—Evidence held insufficient to show that pedestrian was walking on left of highway when struck by projection from side of truck.**

   Plaintiff's evidence tended to show that plaintiff's intestate was found lying in a ditch about three and one-half feet from the paved portion of the highway with a fatal wound in his abdomen which could have been caused by a heavy blow from a board. The evidence further tended to show that the driver of a truck along the highway thought he had struck something, reported the matter to the chief of police, that they went back to the scene of the accident and found a piece of broken board there, about the center of the highway, which apparently matched and fitted

into one of the boards lying loose on the floor of the truck. *Held:* The evidence leaves in mere speculation and conjecture as to what part of the truck struck intestate, if it be conceded that he was struck by the truck, and where intestate was at the time of the impact and how long he had been there and whether he had complied with Michie's N. C. Code, 2621 (320) (d), and therefore the evidence fails to sustain plaintiff's allegation that his intestate was walking along the edge of the highway on his left side at the place provided by law and was struck by a board projecting from the truck, and defendants' motion to nonsuit was properly allowed for failure of plaintiff to establish negligence proximately causing the fatal injury.

**2. Negligence § 17a—**

Neither negligence nor proximate cause is presumed from the mere fact of injury.

APPEAL by plaintiff from *Armstrong, J.,* at February Term, 1941, of MOORE. Affirmed.

*McKinnon & Seawell for plaintiff, appellant.*
*S. R. Hoyle for defendants, appellees.*

SCHENCK, J.. This is an action to recover damage for the wrongful death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendants in the operation of a motor truck upon the State Highway leading from Aberdeen to Raeford. It is alleged that the plaintiff's intestate was walking on his left side of the highway in the direction of Raeford and was meeting the truck of the defendants being driven on its right side of the highway in the direction of Aberdeen, and "7. That as said truck was about to pass Walter Pack, plaintiff's intestate, a board, plank, scantling or part of the truck which was extending from the said truck, struck the said Walter Pack, knocked him down and inflicted a serious injury from which injury Walter Pack died within twenty-four hours thereafter. 8. That the injury to plaintiff's intestate and the death which resulted therefrom, were proximately and solely caused by the negligence of defendants in that defendants unlawfully, carelessly and negligently operated or caused to be operated the said truck in such a manner as to cause, allow, or permit a board, plank, scantling or some part of the truck to extend out from the truck in such a manner as to strike plaintiff's intestate who was at the time walking along the edge of the highway at the place provided by law for him to walk and who was acting in a careful and prudent manner. 9. That the injury to plaintiff's intestate and the death resulting therefrom were solely and proximately caused by the negligence of the defendants in that they operated or caused or allowed to be operated the said truck in a careless and negligent manner so that the truck or some part thereof

23—220

or an object extending or protruding therefrom struck, injured and killed plaintiff's intestate." These constitute all of the allegations of negligence made by the plaintiff, there being none of the failure to keep a proper lookout or to give proper warning signal or of any defect in the mechanism of the truck.

The evidence, when construed most favorably to the plaintiff, tends to show that the plaintiff's intestate was found about 7 o'clock p.m., on 8 November, 1939, fatally wounded, in a ditch about 3½ feet off the paved portion of the highway, his head being probably two feet from the pavement; that he was taken to the hospital where he died the following day, without making, so far as the record discloses, any statement; that the driver of the truck, the defendant Russell, drove on about two blocks into Aberdeen and reported to Chief of Police Beck that "he had hit somebody up on the highway"; that Beck went with Russell immediately to the scene of the accident and found a piece of board there, about the center of the highway, it was broken at an angle, with the short side 2½ feet and the long side 3½ feet in length, it was a twelve-inch board; that Beck compared the piece of board found on the highway to a piece of board found on the truck and the two pieces apparently matched, fit together; that Russell said that "he never did see anybody but he thought he felt the truck hit something"; that there were at least one or more other pieces of lumber on the truck and the truck had been used to haul gravel and these pieces of lumber were used to set up against the standards to hold the gravel; that the truck was empty and there was nothing to keep the lumber from bouncing about, it not being tied or nailed down to the flat floor of the truck; that there were three standards on each side of the truck; that the highway in both directions from the scene of the accident was straight and with an unobstructed view for many yards; the deceased when taken to the hospital had a very severe bruise and wound on the lower part of his abdomen on his right side, and a rent in his abdominal wall about three inches long and in this opening was a loop of the bowels which had been torn from its attachment, this wound caused his death, and the wound was caused by an external injury, "a rather heavy blow" from "something with an edge on it . . . It could have been caused by a flat board."

It will be noted that no one saw, or at least no one testified as to, the impact of the defendants' truck with the plaintiff's intestate. That no one saw or testified that the intestate was "walking along the edge of the highway at the place provided by law for him to walk." Where on the highway he was walking, if he were walking on the highway, is left entirely to conjecture and surmise, whether on the hard surface of the road or on the shoulder thereof; what part of the truck struck him, if

he were struck by the truck, is likewise left to conjecture and surmise; no one saw, or testified, that the board, plank, scantling or some part of the truck extended out from the truck in such a manner as to strike the intestate.

If it be conceded that the plaintiff's intestate was injured and killed upon the highway by being struck by the defendants' truck, or by a board or piece of lumber on said truck, in the absence of any evidence of where on the highway the intestate was at the time of being stricken, or of when he got on the highway, or of how long he had been on the highway before being stricken, the plaintiff's case must fail. The mere fact that he was injured and killed does not constitute evidence that his injury and death were proximately caused by the negligence of the defendants. *Mills v. Moore,* 219 N. C., 25, 12 S. E. (2d), 661, and cases there cited.

The conclusion that the intestate was walking on his left side of the highway and failed to yield the right of way to the defendants' truck meeting him on its right side of the highway, as he was required to do (Michie's N. C. Code, 2621 [320] [d]), is as logical from the evidence adduced, as the conclusion that part of the truck or a board thereon extended from the truck and struck the intestate while on the shoulder of the highway. Either conclusion is merely a conjecture and surmise, one as plausible and probable as the other, but neither is supported by the evidence.

Changing the word "alley" to that of "highway," the language of *Adams, J.,* in *Rountree v. Fountain,* 203 N. C., 381, 166 S. E., 329, expresses accurately the law applicable to this case. He writes: "Had he (the plaintiff's intestate) been in the alley long enough for the driver to see him and avert the injury or did he at the fatal moment rush into the alley immediately in front of the advancing truck? The witnesses do not inform us, and at this point the plaintiff's case fails him. In the absence of evidence we cannot conclude that the deceased went into the alley at any particular time. Negligence is not presumed from the mere fact that he was killed; something more is required. The plaintiff had the burden of establishing the proximate causal relation of the alleged negligence to the injury and death, and in his search for it he is led into the uncertain realm of conjecture. *Henry v. R. R., ante,* 277; *Austin v. R. R.,* 197 N. C., 319." See, also, *Mills v. Moore, supra.*

Entertaining the view we have expressed upon the evidence, it becomes supererogatory to discuss the phase of the case relating to an alleged release of the defendants by the plaintiff.

The judgment of the Superior Court is

Affirmed.