J. R. HARWARD v. GENERAL MOTORS CORPORATION AND SIR WALTER CHEVROLET COMPANY.

(Filed 1 February, 1952.)

1. **Negligence § 1—**

   Negligence is the want of care commensurate with the existing circumstances.

2. **Automobiles § 6e—Evidence held insufficient to show that accident was caused by negligence in the manufacture or installation of steering assembly.**

   Plaintiff's evidence tended to show that he bought a new car from defendant dealer, that there was loose play in the steering wheel which he reported to the dealer's mechanic at the time of the 500 mile inspection and also at the time of the 1,000 mile inspection, that some nine months thereafter plaintiff, himself an experienced mechanic, was traveling at a speed of from fifty to fifty-five miles per hour on a damp, dark day, that the car began "to shimmy" and plaintiff touched his brakes, that immediately there was a loud popping sound and that the car went out of control, resulting in the accident causing the injuries complained of. There was further evidence that the accident resulted from the locking of the steering mechanism, but no substantial evidence that the failure of the steering gear was caused by any defect of materials or assembly or that it was not due to natural wear, hard or fast driving, or lack of lubrication. *Held:* Nonsuit was properly entered both as to the dealer and the manufacturer.

3. **Negligence § 17—**

   There is no presumption of negligence from the mere fact of an accident or injury, but plaintiff has the burden of establishing not only negligence but that such negligence was the proximate cause of the injury complained of.

4. **Negligence § 19b (1)—**

   Evidence that merely raises a conjecture as to the existence of negligence or proximate cause is insufficient to be submitted to the jury.

DEVIN, C. J., and JOHNSON, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Bone, J.,* May 1951 Civil Term, WAKE.

Civil action to recover damages for personal injuries.

Plaintiff alleges that on 14 February, 1948, he purchased from defendant Sir Walter Chevrolet Company, a North Carolina corporation, hereinafter referred to as the dealer, a 1948 Chevrolet coupe automobile, which was manufactured and delivered to the dealer by defendant General Motors Corporation, a Delaware corporation, hereinafter referred to as the manufacturer. Plaintiff asserts that the manufacturer was negligent in the construction and assembly of said automobile in that it used defective material and parts in the steering mechanism and improperly assembled the same. He contends that the dealer sold him the automobile without having properly inspected the same so as to discover defects in the steering mechanism.

Plaintiff's territory as a traveling salesman covered North and South Carolinas and he used this car in his work, driving it approximately 4,000 miles a month for a part of the time. Soon after purchasing the car, plaintiff discovered that there was too much play or lost motion in the steering wheel, especially on left turns. He took the automobile back to the dealer for the 500 mile inspection and checkup and again for the 1,000 mile inspection, and on both occasions told the dealer's head mechanic that there was something wrong with the steering apparatus. The mechanic examined the car, drove it around and reported to the plaintiff that it was "O.K." Plaintiff himself is a mechanic of approximately 25 years experience and as such has personally disassembled and reassembled steering mechanisms on a number of automobiles and has had direct supervision over his mechanics who as a part of their duties examined, disassembled and reassembled automobiles, including steering equipment, so that he was thoroughly familiar with the parts and performance of automobiles, including the mechanics of steering equipment. Plaintiff knew that there was an adjustment at the bottom of the housing on the steering mechanism where the lost motion could be taken up without putting in new parts.

On 22 November, 1948, at about 8:30 in the morning, which was over nine months after the purchase of said automobile, plaintiff was driving the automobile over U. S. Highway No. 421, a hard-surfaced highway, between Liberty and High Point. There was snow on the ground adjacent to the highway and the highway was damp. It was a dark, damp day and mist or fog was falling to the extent that it was necessary for plaintiff to use his windshield wipers and drive with his headlights burning. Plaintiff had just emerged from a curve at a speed of 50 to 55 miles per

hour, when all at once the car began "to shimmy just a little, something it had never done before." Plaintiff touched his brake and something popped which sounded like he had hit a Coca-Cola bottle. The car went out of control, ran off the road, turned completely over landing on the wheels and headed back toward the highway, a distance of about 40 feet from the highway. In this accident the plaintiff received the injuries complained of.

At the close of plaintiff's evidence, judgment of nonsuit was entered as to both defendants, to which plaintiff excepted and appealed, assigning as his only error the entry of the judgment as of nonsuit.

*Bunn & Arendell for plaintiff, appellant.*

*Burgess, Baker & Duncan and Helms & Mulliss for defendant, appellee, General Motors Corporation.*

*Broughton, Teague & Johnson for defendant, appellee, Sir Walter Chevrolet Company.*

VALENTINE, J. The sole question presented upon this appeal is the validity of the judgment of nonsuit. Plaintiff's case turns upon his own testimony and that of a mechanic. If the evidence of these two makes out a case of actionable negligence and proximate cause against either or both defendants, the plaintiff is entitled to a new trial; otherwise, the judgment of nonsuit must be sustained.

The term negligence as used in the law of torts lends itself to a wide use of language, but all the definitions employed by the courts and used by the textwriters revolve around want of due care or commensurate care under the existing circumstances. In *Broughton v. Oil Co.,* 201 N.C. 282, 159 S.E. 321, actionable negligence is defined to be " 'the failure to observe, for the protection of the interest of another person, that degree of care, precaution and vigilance which the circumstances justly demand, whereby some other person suffers injury.' Cooley on Torts (3d Ed.), pp. 1324, 1325."

Plaintiff's right of recovery and defendants' liability for damages in this action are predicated upon allegations that defendant manufacturer failed to exercise due care in the construction, manufacture and installation of the steering assembly in the automobile, and that defendant dealer failed to inspect, discover and warn plaintiff of such defects.

Plaintiff testified that soon after he purchased the automobile and drove it, he discovered the lost motion in the steering wheel; that he waited until time for the 500 mile inspection to report this condition to the dealer and although he thereafter found that the condition was not corrected, he continued to drive the car until time for the 1,000 mile inspection, when he again reported the condition; that although he knew

of the adjustment at the bottom of the steering column and the use for which it was intended, he continued to drive the automobile in his business at the rate of about 4,000 miles per month for a part of the time. With full knowledge of such lost motion as he had discovered in the steering apparatus, plaintiff never manipulated the adjustment at the bottom of the steering column so as to remove this fault, nor does the evidence disclose that he requested anybody else to make that adjustment.

Notwithstanding the mechanical knowledge the plaintiff had of automobiles, including steering assemblies, and notwithstanding his knowledge of the lost motion in the steering wheel, he continued to use the automobile for nine months, and at the time of the accident and injury was driving at a speed of 50 to 55 miles an hour on a damp road while a mist of fog or rain was falling and while atmospheric conditions were so unfavorable as to require the use of headlights and windshield wipers. From this, it would appear that even with the plaintiff's expert knowledge of automobiles, he did not regard this one as dangerously defective or out of repair. It does not clearly appear from what source came the sound resembling the breaking of a Coca-Cola bottle. It does appear, however, that when plaintiff touched his brakes, he got the impression that they locked and that this was responsible for the accident. The mechanic who examined the car after it was taken to the Chevrolet place in Liberty also thought that the difficulty arose from the locking of the brakes, but when the steering gear was disassembled and examined by the plaintiff after the accident, he then concluded that the steering gear in the housing had locked and was responsible for the accident.

Plaintiff's entire evidence, including the testimony of his mechanic, fails to show that there was any defect in the material used in the steering equipment or that any improper parts were used in its assembly or that anything was left out or omitted. The mechanic testified that a steering assembly has too much loose motion "if it don't fit good and tight. If it fits too high, I don't know what it would do." The plaintiff himself said that the steering apparatus was too loose and had too much play on left turns, and that this condition had continued from the time he purchased the car up to the time of the accident.

Upon an examination of the gears before the jury, plaintiff testified that "there is nothing wrong with those gears, but this wheel on the secondary shaft, you can see on that where it ran up on the worm in the steering shaft and bursted that out there. . . . There is an adjustment at the bottom of your housing . . . and when this wears you can take up the lost motion and keep you from having to get new stuff put in, but this one never had been moved; there was too much motion in there on the left turns at the time because it didn't fit the secondary shaft."

Whether the failure of the steering gear to fit as indicated by the plaintiff and his witness was due to natural wear or hard and fast driving or lack of lubrication is left in doubt. There is a complete absence of testimony that any cotter key or other essential part of the mechanism was left out, or that any improper parts were used. There is no substantial evidence that there was anything wrong with the steering equipment of the automobile at the time it was sold to the plaintiff, nor is there substantial evidence in the record which tends to prove that the condition in which the steering mechanism was found after the accident was due to any fault or negligence either of omission or of commission on the part of either of the defendants. *Shroder v. Barron-Dady Mot. Co.,* App. 111 S.W. 2d 66; *O'Hara v. Gen. Motors Corp.,* 35 F. Supp. 319; *Bird v. Ford Motor Co.,* 15 F. Supp. 590; *Supera v. Moreland Sales Corp.,* 56 P. 2d 595; *MacPherson v. Buick Motor Co.,* 217 N.Y. 382, 111 N.E. 1050; *Davlin v. Henry Ford & Son, Inc.,* 20 Fed. 2d 317.

Negligence is never presumed from the mere fact of an accident or injury. The plaintiff has the burden of establishing by appropriate proof not only negligence but that such negligence was the proximate cause of the injury complained of. The plaintiff must also establish by his evidence a causal relation between the alleged negligence and the injury upon which a recovery is sought. Evidence that merely takes the matter into the realm of conjecture is insufficient. *Rountree v. Fountain,* 203 N.C. 381, 166 S.E. 329; *Lynch v. Telephone Co.,* 204 N.C. 252, 167 S.E. 847. Plaintiff's evidence at most raises a suspicion or a conjecture, but fails to establish actionable negligence or any causal relation between the condition of the automobile when it was purchased and the accident resulting in plaintiff's injury more than nine months later.

The cases cited and relied on by plaintiff are factually distinguishable. For the reasons stated, the judgment of the court below must be

Affirmed.

DEVIN, C. J., and JOHNSON, J., took no part in the consideration or decision of this case.