MRS. MADELINE B. WHITSON, ADMINISTRATRIX OF MONROE WHITSON, v. SHERRILL FRANCES, GEORGE FRANCES, AND GEORGE FRANCES, GUARDIAN AD LITEM FOR SHERRILL FRANCES.

(Filed 13 October, 1954.)

1. Evidence § 29½ —

Plaintiff is not entitled to the introduction in evidence of allegations of the complaint which are denied by the answer, since such allegations are mere self-serving declarations.

2. Same—

Plaintiff is entitled to introduce in evidence admissions in the answer of distinct and separate facts pertinent to the facts at issue as proof of the facts admitted without reference to the corresponding allegation of the complaint.

3. Same—

Where an admission in the answer is categorical, but is more or less meaningless standing alone, plaintiff may offer such portion, and only such

portion, of the corresponding allegation of the complaint as serves to explain or clarify the specific admission.

**4. Evidence § 42c—**

Testimony of statements made by the driver of a motor vehicle after the collision as to the defective condition of one of his headlights just prior to the accident, is admissible against him.

**5. Negligence § 19b (4)—**

Circumstantial evidence of negligence must be submitted to the jury if the facts and circumstances establish actionable negligence as the more reasonable probability by logical inference, even though the possibility of accident may also arise on the evidence.

**6. Same—**

Physical facts and circumstances are insufficient to be submitted to the jury on the issue of negligence if the inference of negligence therefrom rests on mere conjecture or surmise.

**7. Automobiles § 18h (2)—Proof of collision with pedestrian on highway is alone insufficient to warrant inference of actionable negligence.**

Plaintiff's evidence tended to show the following facts and circumstances: The infant defendant was operating a truck on a public highway at night with knowledge that his right headlight was not burning. Plaintiff's intestate was walking on the highway headed in the opposite direction. The right front fender of the truck struck the intestate, apparently throwing his body up between the fender and the hood from which it fell or was thrown down a steep embankment, causing injuries from which he died. *Held:* The evidence was insufficient to be submitted to the jury on the issue of the actionable negligence of defendant driver, the position of intestate and the truck at the moment of impact, whether defendant driver could have seen him in time to have avoided the collision if he had been keeping a proper lookout and if his truck had been equipped with proper headlights, all being left in mere speculation and conjecture by the evidence.

APPEAL by plaintiff from *Pless, J.,* July Term 1954, MITCHELL. Affirmed.

Civil action to recover compensation for the alleged wrongful death of plaintiff's intestate.

About 8:00 p.m. on 27 December 1953, deceased left the home of one Willie Bennett, saying he was then on his way to Joe Street's store. This would take him by the place his body was later found. He then had some currency in his pocket—at least a one dollar bill and a ten dollar bill.

Shortly thereafter a motorist traveling north on Highway 26 along Big Rock Creek saw the bulk of a body standing "right close to where the body was found. . . . The best I could see he was off of the black-top, whoever it was. He was right close to the shoulder of the road."

As the motorist passed, he observed a pickup truck approaching from the opposite direction, going south. "At the time I saw the bulk of this

person the oncoming car or truck was coming down, meeting him. . . . I could not tell who it was. I saw the bulk of this person, I guess, about 50 feet above the steps." The approaching vehicle had one headlight on. Shortly thereafter, the body of plaintiff's intestate was found on the opposite side of the steps, about thirty feet from the creek.

Near the point the decedent's body was found there is a bank from the shoulder of the road which slopes down to Big Rock Creek. "It is an awful rough place between the road and the creek." A stairway—forty or fifty steps—leads down the embankment from the road to a foot log across the creek. The stairway has hand rails set on two by four uprights.

When witnesses arrived, the truck belonging to defendant George Frances was standing on the hard surface portion of the road to the right of the center line. The hand rails of the stairway were "bursted open" and broken. A locust bush or small tree about the size of an arm, growing about thirty feet down the embankment, was broken off, and there was blood on the hand rail and spots of blood on the rocks. There were tire marks on defendant's right hand side of the hard surface which began about thirty feet north of the stairway and extended south for a distance of one hundred forty feet. It was eighty-eight feet from the end of the tire marks to the truck and eighty-two feet four inches from the beginning point of the tire marks to the place the body was found. The right headlight of the truck was broken, and the right front fender and the hood were damaged. The Chevrolet emblem on the right side of the hood was broken, and a few strands of hair were caught underneath it. "The right front fender was mashed in on the side and just a dent on the right side of the hood."

Some little time after the body was discovered and people had gathered at the scene of the collision, a ten dollar bill and a one dollar bill were found a foot or two apart on the shoulder of the road, thirty or forty feet north of the steps. No dirt, glass, or other debris was found either on the hard surface or on the shoulder of the road.

The infant defendant had been operating the truck, and defendants admit in their answer that the truck struck or collided with the deceased. Before the collision he had been having some trouble with his right headlight. It would flicker on and off. He had trouble with the bulb. Two had burned out. "He said that if the glass was broken out of the headlight he didn't know it, but he had had trouble with the bulb in the headlight . . . he had had his brother to fix it two times." There was no evidence as to the speed of the truck at the time of the collision or as to whether the reflector glass to the right headlight was in place at the time of the collision. The highway was straight in both directions.

The course of the highway at the point of the collision is referred to in the record both as north-south and east-west. The highway map indicates that at that point its course is north-south. We so treat it. This means that deceased was walking in a northerly direction and the truck was headed south.

At the conclusion of plaintiff's evidence in chief the court, on motion of defendant, entered judgment of involuntary nonsuit. Plaintiff excepted and appealed.

*W. C. Berry, G. D. Bailey, and W. E. Anglin for plaintiff appellant.*
*Harkins, Van Winkle, Walton & Buck for defendant appellees.*

BARNHILL, C. J. In paragraph 7 of his complaint plaintiff alleges various acts of negligence on the part of the operator of the pickup truck "causing said pickup truck to strike the plaintiff's intestate, Monroe Whitson, with crushing impact at a time when the said Monroe Whitson was lawfully walking upon his extreme left-hand side or shoulder of said highway going in a northerly direction."

The defendants in their answer deny all the allegations contained in said paragraph.

At the trial plaintiff tendered in evidence that part of paragraph 7 which is above quoted. On objection, this evidence was excluded. In this ruling there was no error.

*Ex parte,* self-serving declarations contained in a complaint are not admissible in evidence as proof of the facts alleged. It is the admissions in the answer which are available to and may be offered as evidence by the plaintiff as proof of the facts admitted.

Admissions of distinct and separate facts pertinent to the matters at issue contained in the answer may be offered in evidence as proof of the facts admitted without reference to the corresponding allegation in the complaint. When, however, the defendant makes an admission which is categorical in nature and, standing alone, is more or less meaningless, the plaintiff may offer such portion, and only such portion of the corresponding allegation of the complaint as serves to explain or clarify the specific admission tendered in evidence, but nothing more.

This question is discussed in *Winslow v. Jordan,* 236 N.C. 166, 72 S.E. 2d 228. Reference may be had to that decision and the authorities therein cited.

Statements made by the infant defendant after the collision relative to the condition of his headlight just prior to the mishap were admissible as against him. No doubt objection thereto was sustained because they were repetitious and the answer tended to place before the jury unverified

hearsay, neighborhood rumors. In discussing the primary question presented, we will treat these statements as if they had been admitted.

Did plaintiff offer evidence of sufficient probative force, when such evidence is considered in the light most favorable to her, to entitle her to have her cause submitted to a jury? This is the decisive question presented.

Direct evidence of negligence is not required. It may be inferred from facts and attendant circumstances, and if the facts proved establish the more reasonable probability that the defendant was guilty of actionable negligence, the case cannot be withdrawn from the jury, though the possibility of accident may arise on the evidence. *Etheridge v. Etheridge,* 222 N.C. 616, 24 S.E. 2d 477.

When, in a case such as this, the plaintiff must rely on the physical facts and other evidence which is circumstantial in nature, he must establish attendant facts and circumstances which reasonably warrant the inference that the death of his intestate was proximately caused by the actionable negligence of the defendant. *Sowers v. Marley,* 235 N.C. 607, 70 S.E. 2d 670, and cases cited; *Mitchell v. Melts,* 220 N.C. 793, 18 S.E. 2d 406.

The inferences contemplated by this rule are logical inferences reasonably sustained by the evidence when considered in the light most favorable to the plaintiff. *Atkins v. Transportation Co.,* 224 N.C. 688, 32 S.E. 2d 209; *Sowers v. Marley, supra.* It cannot be made to rest on conjecture or surmise. It must be "a permissible conclusion drawn by reason from a premise established by proof." *Sowers v. Marley, supra.*

Proof of a collision between a motor vehicle and a pedestrian on a public highway and the resulting death of the pedestrian is not sufficient to warrant an inference that the collision and death were proximately caused by the negligence of the motorist. *Ray v. Post,* 224 N.C. 665, 32 S.E. 2d 168; *Pack v. Auman,* 220 N.C. 704, 18 S.E. 2d 247; *Mitchell v. Melts, supra; Harward v. General Motors Corp.,* 235 N.C. 88, 68 S.E. 2d 855.

When the evidence contained in this record is sifted to its essentials and weighed in the balance provided by these rules of law, we find we have just these bare facts established, *prima facie,* by the evidence. The infant defendant was operating a pickup truck on Highway 26 at night. At the time, his right headlight was not on. The decedent, a pedestrian, was on the same highway, headed in the opposite direction. The right front fender struck deceased, apparently throwing his body up between the fender and the hood from which it fell or was thrown down the steep embankment. The decedent received injuries which caused his death. The defendants knew the headlight was not in proper working condition. Everything else is left to pure speculation.

24—240

There is no evidence from which it may be inferred that the tire marks were made by the truck. If they were, then they indicate that the vehicle was traveling on the hard-surface portion of the road. No debris was found on the hard surface. Neither was any found on the shoulder. Nor were there any tire marks on the shoulder. Deceased had a ten dollar bill and a one dollar bill wadded up. Similar bills were found on the shoulder about an hour after the collision. Did they belong to the deceased? How did they get there? Had they been knocked about by the crowd that gathered before they were found? The record fails to answer.

The hand rails to the steps were spread out, and one of the uprights was broken. Were the hand rails struck by the automobile or the body of the deceased as it fell or was cast from the truck? There was no mark on the truck identified as having been made by or corresponding to any part of the hand rail. The blood and the location of the body would seem to indicate that it was the body and not the truck that came in contact with the steps.

Where was deceased when he was struck? Was he standing or walking? If defendant had been keeping a proper lookout and his truck had been equipped with proper headlights, could he have seen deceased in time to avoid the collision, or did deceased fail to yield the right of way or suddenly step in front of the oncoming vehicle?

Thus it is the testimony does no more than engender speculation. *Ray v. Post, supra.* There is no evidence from which an inference may be drawn either one way or another. Consequently, the line of cases represented by *Pack v. Auman,* above cited, is controlling here.

The judgment entered in the court below is
Affirmed.