EDMOND BURR v. MRS. M. M. EVERHART.

(Filed 22 May, 1957.)

1. **Negligence § 17—**

There is no presumption of negligence from the mere fact that there has been an accident and an injury has resulted.

2. **Negligence § 19b (1)—**

In order to make out a case of actionable negligence, plaintiff must show that defendant failed to exercise proper care in the performance of a duty owed plaintiff, that the negligent breach of such duty was the proximate cause of plaintiff's injury, and that a person of ordinary prudence should have foreseen such result was probable under the conditions as they existed. If the evidence fails to establish any one of these essential elements, nonsuit is proper.

3. **Master and Servant § 15—Nonsuit held proper in this action by carpenter for fall when rotten condition of eave causing fall was not apparent.**

Plaintiff's evidence tended to show that he was ordered to begin the work of repairing a roof without a scaffold, that after having done part of the work, he was descending to the ground to await the scaffolding and was attempting to step from the plate at the eave of the roof to the ladder when the plate gave way, causing him to fall. He further testified that the plate was rotten and crumbled, which caused him to fall, but that he, an experienced carpenter, could not tell there was anything wrong with it. *Held:* Nothing in the evidence indicates that defendant employer could anticipate that an experienced carpenter would step on a plate of insufficient strength to support his weight, or that a fall was less likely if plaintiff had attempted to step from the plate to a scaffold rather than from the plate to a ladder, and nonsuit should have been entered.

APPEAL by defendant from *Preyer, J.,* October, 1956 Term, ROWAN Superior Court.

Civil action to recover damages for personal injury sustained by the plaintiff in a fall while making repairs to the roof on one of defend-

ant's tenant houses. Issues of negligence, contributory negligence, and damages were answered in favor of the plaintiff. From the judgment on the verdict, the defendant appealed. The controlling facts are discussed in the opinion.

*Robert M. Davis, George R. Uzzell, for defendant, appellant.*
*Clarence Kluttz, Lewis P. Hamlin, Jr., for plaintiff, appellee.*

HIGGINS, J. The defendant's assignment of error No. 5 is determinative of this appeal. The assignment is based on the court's refusal to allow defendant's motion for judgment of nonsuit, renewed at the close of all the evidence.

At the time of the plaintiff's accident and injury he was a carpenter 60 years of age with 35 years experience in his trade. The defendant, a lady 76 years of age, was the owner of a number of tenant houses, experienced in having them repaired. The evidence is in conflict as to whether the terms of the agreement were such as made the plaintiff an independent contractor or a regular employee at an hourly wage. For the purpose of this motion, we must resolve the conflict in favor of the plaintiff's claim that he was a regular employee.

As a basis of his cause of action the plaintiff alleged that a scaffold was necessary before he could undertake the work in safety. The defendant insisted that he begin work and that scaffolding material would be furnished later. "After plaintiff had been so engaged for several hours tearing off the old roof, assisted by a fellow employee, some of the timbers near the edge of the roof, which were defective, deteriorated, and not properly fastened, gave way under the weight of the plaintiff, due to such giving way and the absence of a scaffolding to stop his fall, he was thrown 12 to 15 feet into the yard," gravely and permanently injured. The plaintiff testified: ". . . Mrs. Everhart said she wanted me to cover the house . . . and I said I would have to have some scaffolding . . . she told me to take the short ladder. I said, 'Well, there aint no scaffolding down there yet,' and she said, 'Go ahead and be a-tearing it off, tearing the roof off, I'll have you a scaffold down there just as quick as you'd want it.' . . . She told Mr. Hilton, (her son-in-law) to go up to Grove Supply and get the scaffold. I went to taking it (roof) off just like I was directed. I was thinking I'd be careful and not get hurt till the scaffolding stuff did get there." After tearing off the roof "we started back at the top and tore all the lathes off down to the plate— . . . The ladder was there and I stepped down on the plate right beside the ladder, going to go down. There wasn't no scaffold stuff out there, and I said, 'Well, we'll get us a Coca-Cola, Otis, and wait till the scaffold comes,' and when I stepped on the

plate it just crumbled off; it was rotten. . . . I fell to the ground. . . .
If there had been any scaffold there, I would never have hit the ground."

On cross-examination the plaintiff testified: "Otis Overcash and I
went up on the house together and he was up there when I fell. I had
one foot on the ladder, fixing to go down, when the plate crumbled (it
was rotten but didn't look like it). You couldn't see the plate from
the outside; I couldn't tell it was rotten. Mrs. Everhart could not have
observed the rotten part without taking the roof off. I have been a
carpenter for 35 years and I could not tell there was anything wrong
with it."

There was abundant evidence of the serious and permanent character
of plaintiff's injuries. But negligence is not presumed from the mere
fact that there has been an accident and an injury has resulted. *Good-
son v. Williams,* 237 N.C. 291, 74 S.E. 2d 762; *Harward v. General
Motors Corp.,* 235 N.C. 88, 68 S.E. 2d 855; *Mitchell v. Melts,* 220 N.C.
793, 18 S.E. 2d 406; *Pack v. Auman,* 220 N.C. 704, 18 S.E. 2d 247.

In order to make out a case of actionable negligence the plaintiff
must show (1) the defendant has failed to exercise proper care in the
performance of a duty owed to the plaintiff; (2) that the negligent
breach of that duty was the proximate cause of the plaintiff's injury;
(3) that a person of ordinary prudence should have foreseen such result
was probable under the conditions as they existed. "If the evidence
fails to establish either one of the essentials the judgment of nonsuit is
proper." *Mintz v. Murphy,* 235 N.C. 304, 69 S.E. 2d 849; *Petty v. Print
Works,* 243 N.C. 292, 90 S.E. 2d 717; *Baker v. R. R.,* 232 N.C. 523, 61
S.E. 2d 621. "There must be legal evidence of every material fact
necessary to support a verdict and the verdict must be grounded on
reasonable certainty as to probabilities arising from a fair consideration
of the evidence, and not a mere guess or on possibilities. . . ." 23 C.J.
51; *Mitchell v. Melts, supra.* "If the evidence fails to establish any one
of the essential elements of actionable negligence, the judgment of
nonsuit must be affirmed." *Tysinger v. Dairy Products,* 225 N.C. 717,
36 S.E. 2d 246.

In this case the plaintiff was injured while he was in the act of leav-
ing the roof to get a Coca-Cola and to wait for the scaffolding material.
While one foot was on the "plate" and one on the ladder, the plate
crumbled and gave way. The plaintiff's fall caused serious injury.
There is nothing in the evidence to indicate a scaffold would have sup-
ported the defective plate or that a fall was less likely if the plaintiff
attempted to step from the plate to a scaffold rather than from the
plate to the ladder. The defective plate caused the fall. The plaintiff,
a carpenter of 35 years experience, could not detect its rotten condition.
He testified there was no way by which the defendant could have de-

tected the danger until the roof was removed and the plate examined. Nothing in the evidence indicates the defendant could anticipate that a carpenter with long years of experience would step on a plate of insufficient strength to support his weight. Ordinarily a defendant is not charged with the responsibility of foreseeing freakish or unusual accidents. Whether there is evidence of other elements of actionable negligence is a debatable question; however, evidence is lacking to charge the defendant with notice that without a scaffold the plaintiff would step on a rotten plate and fall to his injury. The assignment of error No. 5 must be sustained. The motion for judgment of nonsuit should have been allowed.

Reversed.