. GARLAND T. HOLLAND v. TROY J. MALPASS.

(Filed 27 September, 1961.)

**1. Negligence §§ 21, 242—**

Negligence is not presumed from the mere fact of an accident, but if the evidence establishes actionable negligence as a more reasonable probability, the cause must be submitted to the jury in the absence of contributory negligence as a matter of law, even though the possibility of an accident may arise on the evidence.

**2. Negligence § 26—**

If plaintiff's evidence establishes contributory negligence so clearly that no other conclusion may be reasonably drawn therefrom, nonsuit is proper.

**3. Negligence § 11—**

Contributory negligence bars recovery if it contributes to the injury as a proximate cause or one of them.

**4. Same—**

A person *sui juris* is under duty to exercise ordinary care for his own safety, the degree of care being commensurate with the obvious danger.

**5. Automobiles § 25—**

Testimony that a vehicle was travelling at a speed of about 25 or 30

miles an hour may not be considered as tending to show a speed in excess of 25 miles an hour.

**6. Automobiles § 33—**

A pedestrian crossing a highway at a place other than a marked crosswalk is required to yield the right-of-way to vehicular traffic. G.S. 20-174a.

**7. Automobiles §§ 41l, 42k— Nonsuit held proper in action by pedestrian to recover for injuries received when struck by motorist.**

The evidence tended to show that defendant was driving on a motor scooter within a foot or so of his right edge of the highway so that automobile traffic would have room to pass, that the motor scooter was being driven at a reasonably prudent speed under the conditions then existing, that as defendant was passing a line of pedestrians waiting to cross, plaintiff, who had jumped across a mudhole at the edge of the road, fell with the lower part of his body on the highway some 25 feet in front of the scooter, and that defendant did not have time to stop or swerve before hitting plaintiff. The evidence further tended to show that as plaintiff was approaching the road, intending to cross, his view was obstructed by the line of pedestrians, that plaintiff elected to jump across the mudhole to the side of the road rather than walk around, and slipped and fell when he landed on the mud and gravel at the far side. *Held:* Nonsuit was properly entered for want of evidence of actionable negligence on the part of defendant or on the ground that plaintiff's evidence discloses contributory negligence as a matter of law, since plaintiff could have anticipated that the pedestrians were waiting for the passage of on-coming traffic and that in jumping across the mudhole he might fall partially on the road in front of closely approaching traffic.

APPEAL by plaintiff from *Fountain, S.J.,* January 1961 Special Civil Term of CARTERET.

Civil action to recover damages for personal injuries sustained by defendant when he was hit by a motor scooter operated by defendant.

Defendant denies negligence, and pleads as a defense that plaintiff's negligence was the sole proximate cause of his injuries, but that if he, the defendant, was negligent, then plaintiff contributed to his injuries by his own negligence.

From a judgment of involuntary nonsuit entered at the close of plaintiff's evidence, he appeals.

*C. R. Wheatly, Jr., and Thomas S. Bennett By Thomas S. Bennett for plaintiff, appellant.*
*Ward and Tucker for defendant, appellee.*

PARKER, J.   On 21 August 1957 plaintiff was employed at the Marine Air Corps Station, Cherry Point, North Carolina, in the Overhaul and

Repair Department. On this date about 4:15 o'clock p.m. he left his place of employment along with about 300 other employees there and behind about 100 other employees there who had left, and walked down a gravel area or street westerly to Curtis Road, a paved street 20 feet wide. His destination was a parking lot across Curtis Road where his automobile was parked. There is a marked pedestrian crossing across Curtis Road located north of the point where he was hit by a motor scooter. When he neared Curtis Road, he noticed a mudhole about three feet wide, which commenced at the eastern margin of Curtis Road and extended back about three feet. About 15 or 20 people on his left standing right on the edge of Curtis Road had his view blocked. There were about 10 or 12 people standing on his right. There were also two automobiles parked off Curtis Road on the shoulder. He stopped behind the mudhole and could not see the street. He is a short man, and the people standing to his left were taller than he is. He saw four or five people cross Curtis Road in front of him, and in order for him to see the street and see if the way was clear, he testified "he took a long step and a hop across the mudhole, landing on the edge of Curtis Road on his right foot." He landed on gravel which caused him to slip, and he fell with his body from his ribs down lying in Curtis Road and from his ribs up toward his head lying on the gravel in the mud at the edge of the street. While falling he saw a motor scooter approaching him from his left on Curtis Road about 25 feet from him, and travelling at a speed of about 25 or 30 miles an hour and within a foot or so of the eastern edge of the street. When the motor scooter was about five feet from him, he heard its brakes squealing. Defendant did not blow his horn at any time. He had insufficient time to crawl off Curtis Road before the motor scooter hit him. The front wheel of the motor scooter hit his body and knocked him over on his right side, and the back wheel hit him in the back and dragged him across the street about five feet, inflicting on him serious injuries. After hitting plaintiff the motor scooter went about 12 feet and turned over in the street throwing the defendant out in the center of the street. There were no signs regulating traffic on Curtis Road.

Plaintiff offered one eye witness, William Boyd. According to his testimony about 15 people were on either side of plaintiff, when the plaintiff jumped and fell. The people on plaintiff's left were standing close together waiting for an opportunity to cross the street, and the people to his right extended about 150 feet from plaintiff, and all were close to Curtis Road. In his opinion, the motor scooter was travelling at least 20 miles an hour. He testified, "I did not see the defendant swerve either to the left or to the right in an attempt to avoid the accident; in fact, I don't think he had much time for it. . . . Mr. Mal-

pass sitting on top of the motor scooter and riding it would have constituted a height of approximately 5 feet."

Proof of a collision between the motor scooter operated by the defendant and plaintiff lying partially on Curtis Road is not sufficient to warrant an inference that the collision and resulting injuries to plaintiff were proximately caused by the negligence of the defendant. *Whitson v. Frances,* 240 N.C. 733, 83 S.E. 2d 879.

However, if the facts shown by plaintiff's evidence establish the more reasonable probability that the defendant was guilty of actionable negligence, the case cannot be withdrawn from the jury, though the possibility of accident may arise on the evidence, unless plaintiff's evidence establishes contributory negligence on his part so clearly that no other conclusion may be reasonably drawn therefrom, for if such contributory negligence is so shown, then defendant is entitled to have his motion for judgment as of nonsuit sustained. *Etheridge v. Etheridge,* 222 N.C. 616, 24 S.E. 2d 477; *Whitson v. Frances, supra; Blevins v. France,* 244 N.C. 334, 93 S.E. 2d 549; *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307.

Plaintiff's negligence to bar recovery need not be the sole proximate cause of his injuries. It suffices, if it contributes to his injuries as a proximate cause, or one of them. *Sheldon v. Childers,* 240 N.C. 449, 82 S.E. 2d 396; *Tyson v. Ford,* 228 N.C. 778, 47 S.E. 2d 251.

The law imposes upon a person *sui juris* the duty to use ordinary care to protect himself from injury, and the degree of such care should be commensurate with the danger to be avoided. *Alford v. Washington,* 244 N.C. 132, 92 S.E. 2d 788; 65 C.J.S., Negligence, § 116, p. 706.

Plaintiff testified that while falling he saw a motor scooter approaching him from his left on Curtis Road about 25 feet from him, and travelling at a speed of about 25 or 30 miles an hour and within a foot or so of the eastern edge of the street. The only other evidence of speed of the motor scooter is the testimony of William Boyd that in his opinion the motor scooter was travelling at least 20 miles an hour. The evidence may not be considered as tending to show a speed in excess of 25 miles an hour. *Hinson v. Dawson,* 241 N.C. 714, 86 S.E. 2d 585. The time was 4:15 o'clock p.m. There is a marked pedestrian crossing across Curtis Road located north of the point where plaintiff was hit by the scooter. The pedestrians standing at the eastern edge of Curtis Road on either side of plaintiff were not at a marked crosswalk. It would seem defendant for his own safety was travelling within a foot or so of the eastern edge of the street so automobile traffic would have room to pass him. The pedestrians standing at the edge of Curtis Road and preparing to cross it at a place not within a marked crosswalk, and also plaintiff at such a place, were required to yield de-

fendant the right of way. G.S. 20-174(a). We conclude that defendant was not driving his motor scooter at a speed in excess of what was reasonable and prudent under the conditions then existing, that he was not negligent in driving it within a foot or so of the eastern edge of the street at the time and under the existing circumstances, and that he was not negligent in failing to sound his horn under the existing circumstances. It appears that defendant was keeping a proper lookout in the direction of travel, because when plaintiff suddenly jumped and fell in the road about 25 feet in front of him, the brakes of the motor scooter were heard squealing about five feet before it collided with plaintiff; a mere fragment of time elapsed between the time plaintiff jumped and fell in the street and the time the brakes of the motor scooter squealed. In our opinion, the evidence before us would not justify a legitimate inference that if defendant had been travelling at a lower rate of speed, for instance 10 or 15 miles an hour, he could have avoided the collision in the exercise of ordinary care, because William Boyd testified on direct examination, "I did not see the defendant swerve either to the left or to the right in an attempt to avoid the accident; in fact, I don't think he had much time for it." In our opinion, and we so hold, the evidence before us shows no negligence of defendant.

But if we concede, which we do not, that the evidence made out a case of negligence against defendant, it is manifest from the evidence that plaintiff failed to exercise due care for his own safety, which was a proximate cause of his injuries, or in other words, plaintiff's evidence proves contributory negligence of plaintiff so clearly that no other conclusion can be reasonably drawn therefrom.

Plaintiff, a short man, approached Curtis Road to cross it where there was no marked crosswalk. He saw to his left and right pedestrians standing at the edge of the street waiting to cross. He could not see over their heads. Any reasonably prudent person should have known these pedestrians were waiting for closely approaching vehicular traffic to pass before entering on the road, even though he had seen four or five persons cross Curtis Road in front of him at a time not definitely fixed in the evidence. Plaintiff in order to see the street and to see if the way was clear "took a long step and a hop" across a mudhole about three feet wide, which commenced at the eastern margin of Curtis Road and extended back about three feet, and landed on the eastern edge of Curtis Road on gravel which caused him to slip and fall with part of his body on Curtis Road and part on the gravel in the mud at the edge of the street about 25 feet in front of the approaching motor scooter. Any ordinarily prudent person should have reasonably anticipated under the circumstances then and there

existing that in making such a jump to the edge of the street and landing on the mud and gravel he might fall partially on the road in front of closely approaching vehicular traffic with injurious consequences to himself, and this seems particularly true because pedestrians were standing on either side of him at the edge of the street evidently waiting for closely approaching vehicular traffic to pass before venturing to cross the street. Under these circumstances plaintiff could have easily and safely walked around the mudhole to the edge of the street, but he voluntarily chose the dangerous way of hopping across the mudhole to the edge of the street, and fell partially in the street about 25 feet in front of the motor scooter which hit him.

In the circumstances disclosed by the evidence, we are constrained to hold that the judgment of involuntary nonsuit should be sustained, if not upon the principal question of liability, then upon the ground of contributory negligence. *Cook v. Winston-Salem*, 241 N.C. 422, 85 S.E. 2d 696; *Houston v. Monroe*, 213 N.C. 788, 197 S.E. 571.

The cases relied upon by plaintiff are factually distinguishable.

The judgment of nonsuit below is

Affirmed.