JOHN HARDY ROBBINS v. JOSEPH WHEELER HARRINGTON, JR.

(Filed 27 September, 1961.)

**1. Automobiles § 41l—**
    Evidence to the effect that defendant-motorist was blinded by the lights of on-coming cars and drove off the highway on his right side, hitting plaintiff-pedestrian who was walking some two feet off the hard surface on his left side of the highway, *is held* sufficient to be submitted to the jury on the issue of actionable negligence, since the evidence permits the legitimate inference that defendant was driving his automobile without due caution and circumspection and in a manner so as to endanger or be likely to endanger another, and did not keep his vehicle under proper control on the hard surface of the highway in violation of G.S. 20-140(b).

**2. Automobiles § 6—**
    A violation of G.S. 20-140(b) is negligence *per se.*

**3. Negligence § 24c—**

Negligence may be proved by circumstantial evidence, and when the facts and circumstances directly proven establish actionable negligence as a more reasonable probability, such evidence is properly submitted to the jury on the issue, notwithstanding the possibility of accident may also arise therefrom.

APPEAL by plaintiff from *Bundy, J.,* February 1961 Term of BERTIE. Civil action to recover damages for personal injuries.

From a judgment of involuntatry nonsuit entered at the close of plaintiff's evidence, plaintiff appeals.

*Jones, Jones and Jones By Carter W. Jones and Pritchett & Cooke By J. A. Pritchett for plaintiff, appellant.*
*V. D. Strickland for defendant, appellee.*

PARKER, J. Plaintiff's evidence tends to show the following facts: About 8:00 o'clock p.m. on 5 July 1959 plaintiff, a man 68 years old, was walking in a westerly direction on the dirt shoulder two feet off the hard surfaced Highway 308, running between the towns of Roxobel and Rich Square. He was walking on the left shoulder of the highway in the direction he was walking, was within the corporate limits of the town of Roxobel, and was going home. Defendant was driving his automobile in an easterly direction on the highway on his right side of the highway, and was meeting two automobiles. The highway at this point was straight for about a mile. The weather was fair and the shoulder of the highway was dry. Plaintiff testified: "The motorist that hit me was coming from Rich Square going toward Roxobel; that man is Mr. Harrington, the defendant. At the time I was struck by the motor vehicle Mr. Harringon was driving, I was on the shoulder of the road two feet off from the hard surfaced road." He testified on cross-examination, "I tell the court and jury that Mr. Harrington lost control of his car, ran off the shoulder and ran into me at that point."

Floyd Ruffin testified as to a conversation he had with the defendant, as follows: "I asked him how did he hit him. He said he had met two cars and they blinded him so that he did not see Robbins. He said it was not plaintiff Robbins' fault that he hit him."

The collision resulted in serious injuries to plaintiff.

G.S. 20-140(b) provides: "Any person who drives any vehicle upon a highway without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property shall be guilty of reckless driving." A violation of this

statute is negligence *per se. Stegall v. Sledge,* 247 N.C. 718, 102 S.E. 2d 115.

Plaintiff's complaint liberally construed with a view to substantial justice between the parties, G.S. 1-151, alleges a violation of G.S. 20-140(b).

Plaintiff's evidence does not show the speed of defendant's automobile, but it permits the legitimate inference that defendant was driving his automobile on the highway without due caution and circumspection and in a manner so as to endanger or be likely to endanger a person, in that he did not keep it under proper control on the hard surfaced highway, but permitted it to run off the hard surfaced highway two feet on the dirt shoulder and to collide with plaintiff, proximately causing serious injuries to plaintiff.

This Court said in *Whitson v. Frances,* 240 N.C. 733, 83 S.E. 2d 879: "Direct evidence of negligence is not required. It may be inferred from facts and attendant circumstances, and if the facts proved establish the more reasonable probability that the defendant was guilty of actionable negligence, the case cannot be withdrawn from the jury, though the possibility of accident may arise on the evidence."

The evidence here shows far more than the mere proof of a collision between a motor vehicle and a pedestrian, resulting in injury to the pedestrian.

The judgment of involuntary nonsuit was improvidently entered, and is

Reversed.