121 S.E.2d 584 (1961)
255 N.C. 584
John Hardy ROBBINS
v.
Joseph Wheeler HARRINGTON, Jr.
No. 162.
Supreme Court of North Carolina.
September 27, 1961.
Jones, Jones & Jones, by Carter W. Jones, Ahoskie, and Pritchett & Cooke, by J. A. Pritchett, Windsor, for plaintiff-appellant.
V. D. Strickland, Rich Square, for defendant-appellee.
*585 PARKER, Justice.
Plaintiff's evidence tends to show the following facts:
About 8:00 o'clock p. m. on 5 July 1959 plaintiff, a man 68 years old, was walking in a westerly direction on the dirt shoulder two feet off the hard surfaced Highway 308, running between the towns of Roxobel and Rich Square. He was walking on the left shoulder of the highway in the direction he was walking, was within the corporate limits of the town of Roxobel, and was going home. Defendant was driving his automobile in an easterly direction on the highway on his right side of the highway, and was meeting two automobiles. The highway at this point was straight for about a mile. The weather was fair and the shoulder of the highway was dry. Plaintiff testified: "The motorist that hit me was coming from Rich Square going toward Roxobel; that man is Mr. Harrington, the defendant. At the time I was struck by the motor vehicle Mr. Harrington was driving, I was on the shoulder of the road two feet off from the hard surfaced road." He testified on cross-examination, "I tell the court and jury that Mr. Harrington lost control of his car, ran off the shoulder and ran into me at that point."
Floyd Ruffin testified as to a conversation he had with the defendant, as follows: "I asked him how did he hit him. He said he had met two cars and they blinded him so that he did not see Robbins. He said it was not plaintiff Robbins' fault that he hit him."
The collision resulted in serious injuries to plaintiff.
G.S. § 20-140(b) provides: "Any person who drives any vehicle upon a highway without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property shall be guilty of reckless driving." A violation of this statute is negligence per se. Stegall v. Sledge 247 N.C. 718, 102 S.E.2d 115.
Plaintiff's complaint liberally construed with a view to substantial justice between the parties, G.S. § 1-151, alleges a violation of G.S. § 20-140(b).
Plaintiff's evidence does not show the speed of defendant's automobile, but it permits the legitimate inference that defendant was driving his automobile on the highway without due caution and circumspection and in a manner so as to endanger or be likely to endanger a person, in that he did not keep it under proper control on the hard surfaced highway, but permitted it to run off the hard surfaced highway two feet on the dirt shoulder and to collide with plaintiff, proximately causing serious injuries to plaintiff.
This Court said in Whitson v. Frances, 240 N.C. 733, 83 S.E.2d 879, 881: "Direct evidence of negligence is not required. It may be inferred from facts and attendant circumstances, and if the facts proved establish the more reasonable probability that the defendant was guilty of actionable negligence, the case cannot be withdrawn from the jury, though the possibility of accident may arise on the evidence."
The evidence here shows far more than the mere proof of a collision between a motor vehicle and a pedestrian, resulting in injury to the pedestrian.
The judgment of involuntary nonsuit was improvidently entered, and is
Reversed.