DAVID EARL HOXENG v. SARAH A. THOMAS

No. 7415DC518

(Filed 16 October 1974)

**Automobiles § 66— identity of driver — insufficiency of evidence**
Plaintiff's evidence was insufficient to show that defendant was the driver of a station wagon that struck a telephone pole, causing wires to fall onto the highway in the path of plaintiff's vehicle, where it tended to show only that defendant was found sitting some five to

fifteen feet from the station wagon and that defendant told plaintiff that there were other people in the station wagon.

APPEAL by plaintiff from *Paschall, Judge,* 29 January 1974 Session, ORANGE County District Court. Argued in the Court of Appeals on 17 September 1974.

Plaintiff instituted this action to recover damages resulting from the collision of plaintiff's car with telephone wires that had fallen across a highway in rural Orange County. Plaintiff alleged that defendant had negligently driven her car into a telephone pole causing wires to fall onto the highway. The evidence tended to show that after plaintiff's collision with the wires, he observed a station wagon car off the road and next to a telephone pole; that the station wagon appeared to be catching on fire; that plaintiff got out of his car and attempted to extinguish the fire; that defendant was found some five to fifteen feet from the station wagon; and that in response to a question from plaintiff, defendant said there were other people in the station wagon. A highway patrolman testified that tire impressions left the road and continued to where the station wagon had come to rest; that he had not talked with the defendant about the accident; and that he did not test defendant for alcohol consumption.

At the conclusion of plaintiff's evidence, defendant moved for a directed verdict pursuant to Rule 50 of the Rules of Civil Procedure. The trial court granted defendant's motion and plaintiff appealed.

*Spears, Spears, Barnes, Baker & Boles, by Robert B. Jervis, for plaintiff appellant.*

*Haywood, Denny & Miller, by James H. Johnson III, for defendant appellee.*

MARTIN, Judge.

Plaintiff's evidence merely tended to show that the defendant was found sitting some five to fifteen feet from the station wagon, and plaintiff had been told by defendant that there were other people in the car. There is no other evidence connecting defendant to the station wagon. The identity of the driver of an automobile may be established by circumstantial evidence, either alone or in connection with direct evidence. *Morris v. Bigham,* 6 N.C. App. 490, 170 S.E. 2d 534 (1969) ; *King v. Bonardi,* 267

N.C. 221, 148 S.E. 2d 32 (1966) ; *Drumwright v. Wood,* 266 N.C. 198, 146 S.E. 2d 1 (1966).

"Inferences as to who was driving the automobile at the time of the wreck cannot rest on conjecture and surmise. *Parker v. Wilson,* 247 N.C. 47, 100 S.E. 2d 258; *Sowers v. Marley,* 235 N.C. 607, 70 S.E. 2d 670. The inferences permitted by the rule are logical inferences reasonably sustained by the evidence, when considered in the light most favorable to the plaintiff. *Whitson v. Frances,* 240 N.C. 733, 83 S.E. 2d 879." *Stegall v. Sledge,* 247 N.C. 718, 102 S.E. 2d 115 (1958).

In determining the sufficiency of the evidence to withstand a motion for a directed verdict made by defendant, all evidence which supports plaintiff's claim must be taken as true and considered in the light most favorable to plaintiff, giving him the benefit of every reasonable inference which may legitimately be drawn therefrom, and with contradictions, conflicts and inconsistencies being resolved in plaintiff's favor. *Ingold v. Light Co.,* 11 N.C. App. 253, 181 S.E. 2d 173 (1971). Plaintiff's evidence, considered in light of the foregoing rule, does not remove the identity of the driver of the station wagon from the realm of mere conjecture.

Affirmed.

Chief Judge BROCK and Judge MORRIS concur.