869 F.2d 593
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Christopher James CHARLES, Plaintiff-Appellant,
v.
Patricia Anne DOUGAL; Robert Dougal, Defendants-Appellees.
 No. 88-1714.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 9, 1989.
Decided: Feb. 16, 1989.
Rehearing Denied March 20, 1989.
 
 M.H. Hood Ellis (Hornthal, Riley, Ellis & Maland, on brief), for appellant.
 Gerald Franklin White, Sr. (John H. Hall, Jr., White, Hall & Morgan, on brief), for appellees.
 Before CHAPMAN, Circuit Judge, BUTZNER, Senior Circuit Judge, and J. FREDERICK MOTZ, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Christopher James Charles was injured when he was struck by an automobile operated by Patricia Anne Dougal. He filed suit against Dougal and her husband in the United States District Court for the Eastern District of North Carolina. The District Court entered summary judgment in the Dougal's favor, and Charles appealed. We affirm the District Court's ruling.
 
 
 2
 The facts are largely undisputed. In the afternoon of June 17, 1983, Charles, a Marine stationed at Camp LeJeune, was driving north on Route 172. Dougal, a nurse also stationed at Camp LeJeune, was driving south. The road was straight, and the weather conditions were clear. Suddenly, something blew out of Charles' window. Thinking that it might be a pay stub, Charles slowed his car and made a u-turn. He was then heading south in front of Dougal.
 
 
 3
 Charles quickly pulled over to the right hand shoulder of the road. According to his deposition testimony, he turned off his ignition, put the emergency brake on and glanced into his rear view mirror. He then opened the door, and without looking to his left he began to cross the roadway. There is a conflict in the testimony as to how he proceeded. Charles testified that he was walking. Dougal and two other eyewitnesses, Michael Shong and William Mackey (who were, respectively, the driver and passenger in a vehicle traveling north on Route 172), testified that he was running. The evidence is undisputed that Dougal was driving within the speed limit, that she took her foot off the accelerator when she first saw Charles pull over to the side of the road and that she swerved toward the center line to avoid hitting him when he went into the roadway. On these facts it is clear, as the District Court found, that Charles was guilty of contributory negligence. A person may not run or walk across a highway without first looking to see if any traffic is approaching. See, e.g., Rosser v. Smith, 260 N.C. 647, 133 S.E.2d 499 (1963); Holland v. Malpass, 255 N.C. 395, 121 S.E.2d 576 (1967). This duty of vigilance is not met when a person stepping out of a vehicle merely glances into his rear view mirror as Charles avers that he did.
 
 
 4
 The question therefore becomes whether Charles could prevail under the doctrine of last clear chance. Under North Carolina law a plaintiff must establish four facts in order to invoke that doctrine: (1) that he negligently placed himself in a position of peril from which he could not escape by the exercise of reasonable care; (2) that the defendant knew, or by the exercise of reasonable care could have discovered, of plaintiff's perilous position and his incapacity to escape from it before the plaintiff suffered injury; (3) that the defendant had the time and means to avoid injury to the plaintiff by the exercise of reasonable care after he discovered or should have discovered the plaintiff's perilous position and his incapacity to escape from it; and (4) that the defendant negligently failed to use the available time and means to avoid injury to the plaintiff. See Clodfelter v. Carroll, 261 N.C. 630, 634-35, 135 S.E.2d 636, 639 (1964).
 
 
 5
 In this case the evidence is virtually uncontradicted that Dougal did not have the time and means to avoid injuring Charles, as required by the third and fourth elements of the last clear chance doctrine. Mackey, Shong and Dougal herself all testified that Charles darted out onto the highway when Dougal's vehicle was almost on top of him, and the evidence is undisputed that Dougal could neither swerve further to the left (because of the approach of the vehicle in which Mackey and Shong were riding) nor drive to the right (because Charles' vehicle was parked on the shoulder). The only part of the record to which Charles points to suggest that Dougal did have time to avoid the accident is a statement given by Shong after the accident that the Dougal vehicle was "not more than 100 feet to 200 feet" away from Charles when he started to run onto the roadway. On his deposition Shong explained that what he had meant to say was that the Dougal vehicle was not more than 100 to 200 feet away when Charles drove his car onto the shoulder. In any event, to the extent that Charles' theory is that Dougal had time to avoid the accident by stopping her car, it necessarily follows that he had time to avoid the accident by looking to his left and retreating to the shoulder. Thus, under Charles' own hypothesized scenario, he cannot prove, as the first element of the last clear chance doctrine requires, that he could not escape from his position of peril by the exercise of due care.
 
 
 6
 For these reasons if this case had proceeded to trial, the Dougals would have been entitled to have granted a motion for directed verdict. A motion for summary judgment puts a plaintiff's proof to the same test, see, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986) and the District Court's summary judgment ruling in favor of the Dougals was therefore proper.
 
 
 7
 AFFIRMED.