H. A. ZIMMERMAN, PETITIONER, v. FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA AND HONORABLE RICHARD R. HANNA, DISTRICT JUDGE, RESPONDENTS.

No. 4118

December 3, 1958.                     332 P.2d 654.

*Vargas, Dillon & Bartlett* and *Alexander A. Garroway,* all of Reno, for Petitioner.

*Laxalt, Ross & Laxalt,* of Carson City, for Respondents.

**OPINION**

By the Court, BADT, C. J.:

This is an original petition for a writ of prohibition to restrain the respondent court from proceeding with the

trial of a case in which Peggy Thies, administratrix of the estate of Willis B. Adkison, Jr., was plaintiff and the estate of Robert W. Zimmerman, deceased, H. A. Zimmerman and the estate of Bertie A. Moore, deceased, were defendants. The action was one for damages growing out of the operation of a car, of which H. A. Zimmerman and Robert W. Zimmerman were the registered coowners. H. A. Zimmerman was a resident of Montana and the car was being driven on the highways of the State of Nevada (as alleged in plaintiff's complaint in the district court) by Robert W. Zimmerman, "coowner having control of the motor vehicle." At the time of the accident the car was being driven by Bertie A. Moore. The accident, alleged to be the result of the wrongful and negligent acts of the defendants and the intoxication of Robert W. Zimmerman, culminated in the death of Robert W. Zimmerman, Bertie A. Moore and Adkison, the death of one of Adkison's passengers and grievous injuries to two other passengers of Adkison's car. The complaint alleged "that defendant H. A. Zimmerman had cause to believe that the said motor vehicle, of which he was a co-owner, would be operated wrongfully, negligently and with gross negligence, and the said defendant consented to the operation of said motor vehicle." The complaint does not allege either positively or on information and belief that Robert W. Zimmerman or Bertie A. Moore was the agent of H. A. Zimmerman.

Service of summons upon H. A. Zimmerman was made personally in Montana and by service upon the acting director of the department of motor vehicles of Nevada. H. A. Zimmerman appeared specially on a motion to quash service, the motion was denied and the case set for trial, whereupon this writ was sought.

Section 14.070(1) NRS reads as follows: "1. The use and operation of a motor vehicle over the public roads, streets or highways in the State of Nevada by any person, either as principal, master, agent or servant, shall be deemed an appointment by such operator, on behalf of himself and his principal or master, of the director of the department of motor vehicles to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him growing out

of such use or resulting in damage or loss to person or property, and the use or operation shall be a signification of his agreement that any such process against him which is so served shall be of the same legal force and validity as though served upon him personally within the State of Nevada."

If this section is to apply in a case where the owner himself is not the operator of the car, it is apparent that ownership alone is not sufficient, but that an agency relation must be shown to exist between the owner and the operator. Respondents rely upon the line of cases cited in the annotation appearing at 96 A.L.R. 634 to the effect that ownership of a motor vehicle by one person and its actual use by another gives rise to the presumption that such agency relation exists. They assert that if this be so it likewise exists between an absent coowner and a driving coowner who at the time (as alleged in the complaint) "[had] control of the motor vehicle * * * the instrument causing the said death of plaintiff's decedent * * *." No authorities are offered in support of this contention. Nor do the respondents present authorities to the contrary, except the general propositions growing out of coownership to the effect that a cotenant in possession may maintain that possession as against his coowner, and that no agency relationship exists between cotenants. See 14 Am.Jur. 93, Cotenancy, sec. 23. H. A. Zimmerman's coownership did not, per se, give him the right to prevent Robert W. Zimmerman from making the trip in question.

There is no logical reason for asserting that the mere possibility of the existence of a principal and agent relationship superimposed on the coownership should create a presumption that it exists. In innumerable cases the possibility could exist that A's tortious act was committed by A as the agent of B.

Despite numerous cases to the contrary, we concede that in most jurisdictions in this country, where the owner-driver situation exists, a principal-agent relationship (and therefore an owner liability) is presumed. But

whether this be a fact inference, or a policy presumption, or an administrative presumption, or one arising out of expediency (the cases are replete with abstract and academic discussions of its nature) its basis is the inference (or the presumption, if one prefers) that an owner is likely to be in control of his own property. When the facts, as here alleged by the plaintiff himself, show the contrary to be the case the presumption cannot be indulged.

There was therefore no such operation by H. A. Zimmerman of the motor vehicle in question over the highways of this state as could be deemed an appointment of the director of the department of motor vehicles as his attorney for service of process. Under the service as made, the district court acquired no jurisdiction over his person. Let the writ of prohibition issue.

EATHER and MERRILL, JJ., concur.