# HERBERT TROY LAWING v. EARNEST CLYDE JOHNSON.—355 S. W. (2d) 465.

Eastern Section. September 8, 1961.

Petition for Certiorari Denied by Supreme Court, March 7, 1962.

Milligan, Silvers & Coleman, Greeneville, for plaintiff in error.

William S. Todd, Kingsport, for defendant in error.

COOPER, J. This is an appeal by the defendant below from a judgment of $10,500 in favor of the plain-

tiff, Earnest Clyde Johnson, for the unlawful death of his wife, Betty Jean Johnson, in an automobile accident which occurred on July 8, 1960 on U. S. Highway 70 near Greeneville, Tennessee.

At the time of the accident, the deceased, Betty Jean Johnson, and the defendant were riding in the automobile belonging to the defendant. The automobile was being driven northwardly on U. S. Highway at a speed of approximately 90 miles per hour, when there was a "blow-out", and the driver lost control of the automobile. The automobile left the highway, travelled approximately 600 feet and struck a large tree. In the accident, Mrs. Johnson received the injuries which caused her death, the defendant received severe personal injuries and the car was demolished.

The plaintiff charged in the common law count of his declaration that the defendant was driving the automobile at the time the accident occurred, and that the plaintiff's wife was a guest passenger; that the accident was proximately caused by the negligence of the defendant in that (1) he was driving at an excessive rate of speed; (2) he did not keep a proper lookout; and (3) he did not keep the automobile under proper control.

In the second count of his declaration, the plaintiff charged that the defendant was guilty of negligence which proximately caused the accident in that he was driving the automobile in wilful or wanton disregard for the safety of persons or property in violation of T. C. A. sec. 59-858, and at a speed in excess of 45 miles per hour, the posted speed limit, in violation of T. C. A. sec. 59-853.

The defendant filed a plea of not guilty, his primary defense being that the plaintiff's wife was driving the car at the time of the accident.

The issues went to the jury, who found in favor of the plaintiff. The defendant filed his motion for a new trial, and, when it was overruled, perfected his appeal.

In the first three assignments of error, it is insisted by the defendant that there is no evidence to support the verdict, that the verdict is contrary to the law, and that the Court erred in overruling the defendant's motion for a directed verdict made at the conclusion of all the evidence.

There is no dispute concerning negligence or proximate cause—the real issue being ''who was the driver of the car at the time the accident occurred?''

Bearing in mind the admonition that we are required to take the strongest legitimate view of all the evidence favorable to the plaintiff's disregard all to the contrary, and indulge all reasonable inferences to uphold the verdicts, Kunk v. Howell, 40 Tenn. App. 183, 289 S. W. (2d) 874, 73 A. L. R. (2d) 1304; Cherry v. Sampson, 34 Tenn. App. 29, 232 S. W. (2d) 610, we find that the plaintiff's wife, Betty Jean Johnson, and the defendant had been meeting each Friday afternoon over a two-month period, and driving to surrounding towns or to out-of-the-way locations as both parties were married. On July 8, 1960, Betty Jean Johnson entered the defendant's automobile at a point on the Asheville Highway near the Nolichucky River Bridge. The defendant then drove her to a drive-in-restaurant in Newport, Tennessee. Later, the defendant drove Mrs. Johnson to Zola's place in Houston Valley, where both parties

had one or two cans of beer. When they left Zola's place at about 9:30 P.M. to return to Greeneville, the defendant was driving.

The defendant and Mrs. Johnson passed a car driven by Leland Lafollette at a point about 2 miles from the accident; at that time, the defendant's car was traveling approximately ninety miles per hour. Mr. Lafollette testified that he could see two people in the automobile sitting close together on the front seat, but could not tell who was driving.

When the defendant's automobile reached a point approximately two miles south of Greeneville, Tennessee, there was a blow-out and the car left the highway. The automobile grazed several trees before it struck a large tree located approximately 600 feet from where the automobile left the highway. On impact with the last tree, the automobile appeared to leave "the ground and went over on its end, and hit the hole and flopped back over on its wheels there in the ditch before it came to a stop" at an angle of 90 degrees with the highway. The impact demolished the entire front of defendant's automobile, knocked the windshield out, the left door open, and knocked the front seat from its moorings and to its left, so that the seat was partially out the left door. The door on the right side of the automobile was closed.

After the accident, the defendant was found on the ground on the left side of the automobile and approximately 20 to 25 feet from the tree and further away from the highway than the car. The defendant was unconscious and suffered from broken ribs and a broken pelvis.

Mrs. Johnson was found in the automobile on the left side of the front seat. Her head was lying between the door and the body of the car; one arm was out the door; one foot was entangled between the gear shift lever and the steering wheel, and the other was against the top of the car. Part of the steering wheel ring was caught in Mrs. Johnson's clothing or was in her chest. Mrs. Johnson was dead when she was found.

■ From this evidence, we think the jury could logically find that the defendant was driving at the time of the accident, and that Mrs. Johnson was sitting in the middle of the front seat next to him; that when the car hit the tree with such force that the front seat was torn loose from its moorings, knocked to the left, and the left door came open, (1) the defendant was thrown forward into the steering wheel breaking his ribs and then was thrown to his left and out the door to the position on the left side of the automobile where he was found after the accident; and (2) that Mrs. Johnson was thrown forward and to the left so that she hit the steering wheel and ended up in the position where both her feet were high off the floor as described above.

■ Further, we are of the opinion that the jury could find that the defendant had not introduced any credible evidence to overcome the common law presumption that he was the driver, and that, under the circumstances of this case, the presumption would support the jury's finding.

It was stipulated that the automobile involved in the accident was owned by the defendant. "The rule is that in the absence of proof there is a presumption or infer-

ence, where the owner is present and riding in his automobile, that he was driving and that the passengers were his guests." Moore v. Watkins, 41 Tenn. App. 246, 293 S. W. (2d) 185. This presumption is rebuttable and disappears from the case when credible evidence is introduced from which it can be inferred that the owner was not the driver. Moore v. Watkins, supra; McMahan v. Tucker, 31 Tenn. App. 429, 216 S. W. (2d) 356; Frank v. Wright, 140 Tenn. 535, 205 S. W. 434; Lunde v. Dwyer, 74 S. D. 559, 56 N. W.(2d) 772.

This Court in Moore v. Watkins, supra, quoted with approval from the case of Rodney v. Staman, 371 Pa. 1, 89 A (2d) 313, 315, 32 A. L. R. (2d) 976, as follows:

"As to the appellant's contention that there is no evidence that the husband was driving the automobile at the time of the accident, there is evidence that he was the owner of the car. That fact affords a rebuttable presumption that he was the driver of the automobile at the time of the accident. * * * While there is no decision in this State directly in point, in Limes v. Keller, 365 Pa. 258, 260, 74 A (2d) 131, 132, Mr. Justice Stern said '* * * there was enough circumstantial evidence (as to who was driving), *even apart from the rebuttable presumption that the owner of the automobile* was operating it * * *.' "

■ The record in this cause contains the unequivocal statement of the defendant that Betty Johnson was the driver of the automobile at the time of the accident, and it is insisted, on behalf of the defendant, that this statement overcame the presumption that he was the

driver of the automobile. We cannot agree with this insistence. An examination of the record discloses that the testimony of the defendant was impeached by cross-examination so as to involve his credibility, and that his testimony was contradicted by circumstantial evidence and the logical inferences to be drawn from the proven physical facts.

■ Where the testimony of the witness is contradicted, either by proven facts or logical inferences to be drawn from proven facts, or if substantial evidence is introduced tending to impeach or discredit the witness, or the witness is discredited by his own statements, the issue should go to the jury to determine whether or not the explanatory evidence overcomes the prima facie case made out by the presumption. Frank v. Wright, supra; Phillips-Buttorff Mfg. Co. v. McAlexander, 15 Tenn. App. 618; McMahan v. Tucker, supra.

As stated in McMahan v. Tucker, supra,

"The presumption of law disappears in the face of substantive evidence to the contrary, provided the evidence is not impeachable from the record, but circumstantial evidence may contradict the positive testimony and corroborate the presumption. If this were not the fact it would be impossible to convict the defendant when he was of a mind to deny proven circumstances."

The assignments are therefore overruled.

■■ In assignments four through eight, the defendant complains (1) of portions of the Court's charge and (2) of his refusal to charge certain special requests. We have carefully read the charge of the learned trial

judge, with special attention to those portions complained of by the defendant, and find that the general charge was clear, comprehensive and reasonably complete, and that there were no errors which would justify a reversal of the case. T. C. A. secs. 27-116, 27-117. Nor is there an affirmative showing that the requests which were refused affected the results of the trial. T. C. A. sec .27-117; De Rossett v. Malone, 34 Tenn. App. 451, 239 S. W. (2d) 366.

In assignment 9, the defendant complains that the trial judge erred in excluding from the jury the testimony of the witness Fay Adams relative to declarations of an intent of Mrs. Johnson to commit suicide while driving an automobile. The testimony of Mrs. Adams was included in the bill of exceptions for our consideration.

We think that the trial court correctly excluded the testimony in question as it was not relevant to any issue in the present case. However, if it was error to exclude the testimony, it was not prejudicial error in view of the positive testimony of the defendant and his witness, Ronald Winkle, that the accident resulted from a "blow out" and not from any intentional act of the driver of the atuomobile.

Having overruled all assignments of error, the judgment below is affirmed with interest. Costs are adjudged against the defendant and his surety.

McAmis, P. J., and Hale, J., concur.