Kenneth CAMPBELL, Respondent,

v.

Steve D. FRY, Appellant.

No. 25042.

Kansas City Court of Appeals.

Missouri.

April 7, 1969.

Michael J. Maloney, Kansas City, Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel, for appellant.

George M. Hare, and James L. Gillham, Independence, for respondent.

HOWARD, Presiding Judge.

Respondent had verdict and judgment for $1,500.00 for property damage in the court below. Appellant has duly appealed to this court. We shall refer to the parties as they appeared below.

A chronological recital of the events involved will probably best serve our purposes. Defendant testified that on the afternoon of July 25, 1966, he met a friend of his at a bar when they got off work. They drank numerous beers in several different bars during the afternoon and evening. After his friend went home and about 10:30 or 11:00 P.M., defendant "didn't feel so good" and drove a short distance from the last bar to the Memorial Mall across from Union Station in Kansas City, Missouri. When defendant parked on the Mall, two men in an old Plymouth parked behind him. These two men got out and each went to the front door of defendant's car, one on each side, and got in. One of them held a knife to defendant's throat and they took his wallet (which contained no money) and $2.00 or $3.00 in change. One man also grabbed his car keys. These men were both strangers to defendant. With defendant seated in the middle of the front seat, they drove to Interstate Highway 70 and west thereon, to Bonner Springs, Kansas, and then turned around and drove east to the vicinity of Blue Springs, Missouri. They were running low on gas and asked defendant to buy gas. He refused and stated that he had no money. The two men insisted that he should write a check for gas and on their promise to return defendant to Kansas City after they got gas, defendant consented to write a check. He testified that he did not think anyone would cash a check for a stranger since it was then about 1:00 A.M. in the morning of July 26, 1966. At the filling station, the defendant wrote out the check on the dashboard of the car and the two men got out. They had defendant's wallet with identification, including his driver's license, and the filling station attendant cashed the check and they got gas.

Instead of returning defendant to Kansas City as they had promised, the two men drove north from the filling station and turned east on Truman Road. Defendant protested that they were not taking him back to Kansas City, to no avail; he likewise protested that they were driving too fast but they did not slow down. They drove to what defendant thought was a dead-end where they made a U-turn and came back. They failed to make a bad curve and went off the road and up a utility pole guy wire and landed on top of a farm tractor and trailer parked on plaintiff's land, off the road and right-of-way. The utility pole was knocked down on top of the car. The two men got out of the car and ran. Defendant did not see where they went and has not seen them since. After the crash the horn started blowing. The defendant hit his head on the windshield and was dazed from the shock of the wreck. He had bruises, scratches and bumps but no bleeding. There

was blood on the inside and outside of the car and on the car next to it.

It appears that the two men had a six-pack of beer with them and sometime during the excursion, defendant drank one of these beers. He explained that he thought if he drank the beer, the two men would have less to drink and would not get so drunk.

A couple living across the road from the scene of the wreck heard a car go up the road at a high rate of speed with its tires screeching. They soon heard the even louder screeching of tires as the car came back down the road. They heard the wreck and the horn blowing. The man went across the road and was the first at the scene. The defendant told him that it was his car but that he was not driving and told the story of the kidnapping. Defendant stopped a passing car and told the occupants "don't pick anyone up—there are a couple of lunatics loose."

Plaintiff was the second man on the scene and he admitted that defendant told him that he was not driving. A man who lived about a quarter of a mile from the wreck was awakened by the noise and when he went outside to see what had happened, he heard two people talking in his driveway. His dog barked at these people who ran off in the direction opposite the scene of the accident and turned onto a side road. In the dark, he could not see these people but could hear them.

Plaintiff's first witness was the deputy sheriff who investigated the wreck. On direct examination he described what he found at the scene and the story that defendant told him; that he had been kidnapped and the kidnappers were driving the car. The only other evidence adduced by plaintiff as to who was driving the car was the testimony of other witnesses that defendant had told them that he was not driving the car. Defendant's evidence was the same on this point as plaintiff's except his testimony was more detailed.

Plaintiff's suit was for property damage to his farm tractor and trailer and since there is no complaint as to the amount of the verdict, we need not discuss the evidence of damage.

The defendant contends that the trial court erred in overruling his motion for directed verdict because there was no evidence that he was responsible for the operation of his automobile; that any presumption as to his responsibility therefor was overcome by substantial evidence; that plaintiff's own evidence showed the kidnapping and the operation of the automobile by the kidnappers and that this evidence was uncontradicted and therefore plaintiff was bound thereby. In response, plaintiff contends that a presumption arises from defendant's ownership of the car and presence therein, either that he was driving the car or that it was being driven with his acquiescence by his agent and that defendant was responsible for its operation. From this, he would have us conclude that there is a conflict in the evidence which requires the submission of the issue to the jury.

Defendant also complains of the instructions but in the view we take of the case, we do not need to notice this issue.

Plaintiff relies on the case of Brucker v. Gambaro, Mo., 9 S.W.2d 918, for the proposition that the evidence that defendant owned the car and was riding in it at the time of the accident, raises a presumption that the car was being driven with his consent and by his agent. This statement of the presumption is broader than that recognized in the Brucker case. In addition to the Brucker case, Fidelity & Casualty Co. of New York v. Western Casualty & Surety Co., Mo.App., 337 S.W.2d 566, was cited and relied on by plaintiff. These two cases both hold that if one is operating the automobile of another while the owner is riding in it apparently acquiescing in the operation, the presumption arises that the driver is the agent of the owner and operating within the scope

of his agency. Absent other evidence, this would be enough to support a verdict for the plaintiff.

Defendant does not seriously contest this assertion of a presumption but he does contend that this presumption is effective only in the absence of evidence on the question. He points out that in this case the evidence, from the very first witness on, was that defendant had been kidnapped and that the automobile was being operated by the kidnappers without defendant's authority and over and in spite of his protest. He therefore maintains that there was substantial evidence on the question of who was driving the car and under what circumstances it was being driven and that in such a situation, the presumption flies out the window and the issue must be decided on the basis of the evidence alone, unaided by any presumption. In this latter contention, the defendant is correct.

■ Our courts have repeatedly held that where the law raises a presumption on the proof of certain facts and in the absence of further evidence, such presumption vanishes when there is adduced substantial evidence as to the fact which is otherwise presumed and that this fact issue must then be determined on the evidence alone without aid or hindrance of the presumption. See State ex rel. Steinbruegge v. Hostetter, 342 Mo. 341, 115 S.W.2d 802, and Terminal Warehouses of St. Joseph, Inc. v. Reiners, Mo., 371 S.W.2d 311.

■ As has heretofore been pointed out, proof of ownership and occupancy of the car at the time of the collision does not raise a presumption that the owner was driving. See Fidelity & Casualty Co. of New York v. Western Casualty & Surety Co., supra. Proof of ownership and occupancy of the car, together with evidence that the car was being operated by another with the acquiescence of the owner, is enough to raise a presumption that the driver was operating the vehicle as the agent of the owner and within the scope of his agency. Here we have no direct proof of acquiescence by defendant. However, plaintiff maintains that such acquiescence is a reasonable inference to be drawn from the evidence (not adduced by plaintiff as part of his case in chief but shown by defendant's testimony either on direct or cross examination); that defendant wrote a check to buy gas for the car and that the two men agreed to drive him back to Kansas City; that defendant made no attempt to escape from the car when the two men were out of the car at the filling station and that the defendant drank beer with these two men.

For the purpose of the decision of this case, we will assume that the inference urged by plaintiff is permissible. We then have evidence (1) that the defendant owned the car, (2) that defendant was occupying the car at the time of the collision, and (3) that defendant was acquiescing in the operation of the car by a third party. This is the bare minimum upon which a presumption can be raised that the operator of the automobile was the agent of the defendant owner and that he was operating the car within the scope of his agency. If there was nothing more on the question of the agency and scope thereof, this would support a verdict for plaintiff. See Brucker v. Gambaro, supra.

■ However, as has heretofore been pointed out, we do have other evidence. Plaintiff's first witness, the investigating deputy sheriff, testified on direct examination that the defendant stated to him that he had been kidnapped and that the car was being operated by the kidnappers over his protest, against his will and without his consent. All of the other evidence introduced by the plaintiff on this issue was consistent therewith. Nowhere is there any contradiction of this fact. Defendant's evidence is entirely consistent therewith. There is not one iota of evidence in the whole transcript that the operation of the automobile by the kidnappers was with defendant's approval or consent. This con-

stitutes substantial evidence on the question of agency and scope thereof and under such circumstances the presumption has gone completely out of the case and this issue must be decided only on the evidence in the record. Such evidence, of course, includes the evidence which originally gave rise to the presumption. See Terminal Warehouses of St. Joseph, Inc. v. Reiners, Mo., 371 S.W.2d 311, and State ex rel. Steinbruegge v. Hostetter, 342 Mo. 341, 115 S.W.2d 802. It is not required that the evidence to overcome the presumption be positive, unequivocal or unimpeached. It is only required that the evidence be substantial to be sufficient to overcome the presumption. See State ex rel. Steinbruegge v. Hostetter, supra. Substantial evidence for this purpose is evidence which, *if true,* has probative force on the issue in question. See Terminal Warehouses of St. Joseph, Inc. v. Reiners, Mo., 371 S.W.2d 311; Collins v. Division of Welfare, 364 Mo. 1032, 270 S.W.2d 817; State v. Miller, Mo., 202 S.W.2d 887; State v. Gregory, 339 Mo. 133, 96 S.W.2d 47; and Berkemeier v. Reller, 317 Mo. 614, 296 S.W. 739. The evidence here clearly meets the test set out in these cases for determining what is substantial evidence. Thus, all of the evidence that we have in the case is that defendant owned the automobile and was riding therein at the time of the accident and at such time the car was being driven by one of the kidnappers without his consent, against his wishes and in spite of his protests. This will not support a finding of agency.

■ If the owner is not the operator of the vehicle, liability can only be imposed on him by operation of the doctrine of respondeat superior. See Chandler v. New Moon Homes, Inc., Mo., 418 S.W.2d 130, and Bell v. Green, Mo., 423 S.W.2d 724. Without proof of agency, the negligence of the driver cannot be imputed to the owner. See Guthrie v. Mo. Pac. R. Co., Mo.App., 279 S.W. 210.

■ Thus, all of the evidence in the case tends to disprove rather than prove agency. Admittedly, defendant's story is bizarre and unusual to say the least. However, even if his testimony is not believed, that does not change his testimony tending to disprove agency into affirmative evidence that agency existed. It results in a failure of proof.

■ To put this matter in another way, where defendant introduced evidence on one side of a question and such evidence is not contradicted in plaintiff's case, as was the situation in the case at bar, the plaintiff is bound by his own evidence and cannot request a finding contrary thereto and is subject to a verdict directed against him based thereon. See Williams v. Cavender, Mo., 378 S.W.2d 537; Burr v. Singh, 362 Mo. 692, 243 S.W.2d 295; Draper v. Louisville & N. R. Co., 343 Mo. 886, 156 S.W.2d 626; Dugan v. Rippee, Mo.App., 278 S.W.2d 812; Krause v. Laverne Park Association, Mo.App., 240 S.W.2d 724; Rowe v. Henwood, Mo.App., 207 S.W.2d 829; State ex rel. and To Use of Wilkinson v. Central Surety & Ins. Corp., 232 Mo.App. 748, 112 S.W.2d 607; and Raw v. Maddox, 230 Mo.App. 515, 93 S.W.2d 282.

It therefore follows from the foregoing authority that there was not sufficient evidence on the question of agency and scope thereof to go to the jury and that the trial court erred in failing to direct a verdict for the defendant.

The judgment is reversed.

All concur.