MORRIS and HEDRICK, JJ., concur.

---

THOMAS LOYD MORRIS, ADMINISTRATOR OF THE ESTATE OF WALLACE LOYD MORRIS, DECEASED v. META H. BIGHAM, EXECUTRIX OF THE ESTATE OF HUGH BIGHAM. AND WHEELER DALE, ADMINISTRATOR OF THE ESTATE OF CECIL JAMES LEONHARDT

No. 6925SC421

(Filed 19 November 1969)

1. Trial § 21— motion for nonsuit — consideration of evidence

On motion for judgment of nonsuit in a civil case, the plaintiff is entitled to have the evidence considered in the light most favorable to him, and he is entitled to the benefit of every reasonable inference to be drawn therefrom.

2. Automobiles § 66— identity of driver

The identity of the driver of an automobile may be established by circumstantial evidence, either alone or in connection with direct evidence.

3. Automobiles § 94— contributory negligence of passenger — sufficiency of evidence

In this wrongful death action brought by the administrator of an automobile passenger against the administrator of the automobile driver, the

evidence does not show contributory negligence by the passenger as a matter of law, there being no evidence that either the driver or passenger was under the influence of intoxicating liquor, and there being no evidence that the driver improperly operated the automobile until an apparent race with another automobile immediately prior to the fatal wreck.

**4. Death § 7— evidence of pecuniary loss**

In this wrongful death action, reference in the record on appeal to the omission from the record of testimony as to the health, character, education and working habits of plaintiff's intestate is sufficient to show pecuniary loss in the death of plaintiff's intestate.

**5. Automobiles § 105— agency of non-owner driver — G.S. 20-71.1**

In this wrongful death action, plaintiff's evidence placing title to the automobile in question in the non-driver owner is sufficient to require submission of the case to the jury on the issue of the driver's agency. G.S. 20-71.1.

**6. Automobiles § 66— identity of driver — sufficiency of evidence**

In this wrongful death action arising out of an automobile accident, plaintiff's evidence *is held* sufficient to be submitted to the jury on the question of the identity of defendant's intestate as the driver of the automobile at the time of the accident, where it tends to show that immediately after the accident plaintiff's intestate was found in the right front seat of the automobile with his feet and legs under the dash and his head next to the right window, and that defendant's intestate was found with his feet under the brake and clutch pedals and his head and shoulders lying across the body of plaintiff's intestate.

APPEAL by plaintiff from *Bryson, J.,* 5 May 1969 Session of Superior Court held in BURKE County.

This is a wrongful death action. The plaintiff alleged that the death of his intestate was proximately caused by the negligence of Cecil James Leonhardt (Leonhardt) who was the operator of a 1964 Chevrolet automobile owned by Hugh Bigham (Bigham). In the complaint it is alleged, among other things, that Leonhardt was the agent of Bigham; that on 9 December 1966 the Bigham automobile, in which Wallace Loyd Morris (Morris) was riding, failed to go around a curve in the road on East Meeting Street in the Town of Morganton; that the automobile was being operated by Leonhardt in a reckless manner in violation of the reckless driving statute at an unlawful rate of speed in excess of 80 miles per hour in a 35 mile per hour speed zone and without keeping it under proper control; and that the automobile operated in such manner, after striking several parked automobiles, collided with a tree on the driver's left side of the road with such force that the car was demolished, and both occupants of the automobile were killed.

Wheeler Dale, administrator of the estate of Leonhardt, in his

answer denied the material allegations of the complaint and, in the alternative, alleged that Morris was contributorily negligent and that Morris was the driver of the automobile. Dale asserted a counterclaim against the plaintiff for the alleged wrongful death of Leonhardt.

Meta H. Bigham, executrix of the estate of Hugh Bigham, in her answer denied the material allegations of the complaint and alleged contributory negligence on the part of Morris if Leonhardt should be found to be the driver of the automobile. In the alternative, the executrix alleged that Morris was the driver of the automobile without permission of the owner.

After plaintiff had offered evidence and rested, the court allowed the motion of each defendant for judgment as of nonsuit. The defendant Wheeler Dale, administrator of the estate of Cecil James Leonhardt, took a voluntary nonsuit as to his claim against the plaintiff.

Plaintiff excepted to the entry of the judgment dismissing the action as of nonsuit and appealed to the Court of Appeals.

*Corne & Warlick by Stanley J. Corne and Claude B. Sitton for plaintiff appellant.*

*Byrd, Byrd & Ervin by John W. Ervin, Jr., and Robert B. Byrd for defendant Wheeler Dale, Administrator of the Estate of Cecil James Leonhardt, appellee.*

*Patton & Starnes by Thomas M. Starnes for defendant Meta H. Bigham, Executrix of the Estate of Hugh Bigham, appellee.*

Mallard, C.J.

In an automobile collision, events which occurred immediately prior to and at the moment of impact may be established by circumstantial evidence, either alone or in combination with direct evidence.

The evidence here was ample to show that the driver was operating the 1964 Chevrolet automobile owned by Bigham on the streets of the Town of Morganton in a reckless manner in violation of G.S. 20-140, the reckless driving statute. He was driving at a speed in excess of 70 miles per hour in a 35 mile per hour zone and the automobile went out of control, skidded 326 feet and 9 inches, knocked a four-by-four post out of the ground, struck and damaged eight other automobiles, and came to a stop after colliding with a

tree with such force that the 1964 Chevrolet automobile was estimated to be a total loss. All the evidence tended to show that Morris and Leonhardt were the only occupants of the automobile at the time it collided with the tree and that they were killed in the collision. There is ample evidence, direct and circumstantial, that driver negligence proximately caused the death of both occupants.

The crucial questions presented on this appeal are: Is there sufficient evidence to require submission of the case to the jury that Leonhardt was the driver of the automobile at the time it collided with the tree? If so, is there sufficient evidence against Bigham to require submission of the case to the jury as to him?

**[1]** It is elementary that on a motion for judgment of nonsuit in a civil case, the plaintiff is entitled to have the evidence considered in the light most favorable to him, and he is entitled to the benefit of every reasonable inference to be drawn therefrom. *Bowen v. Gardner*, 275 N.C. 363, 168 S.E. 2d 47 (1969).

"Inferences as to who was driving the automobile at the time of the wreck cannot rest on conjecture and surmise. *Parker v. Wilson*, 247 N.C. 47, 100 S.E. 2d 258; *Sowers v. Marley*, 235 N.C. 607, 70 S.E. 2d 670. The inferences permitted by the rule are logical inferences reasonably sustained by the evidence, when considered in the light most favorable to the plaintiff. *Whitson v. Frances*, 240 N.C. 733, 83 S.E. 2d 879. To make out this phase of the case plaintiff must offer evidence sufficient to take the question of whether defendant's intestate was driving the automobile at the critical moment out of the realm of conjecture and into the field of legitimate inference from established facts. *Parker v. Wilson, supra.*" *Stegall v. Sledge*, 247 N.C. 718, 102 S.E. 2d 115 (1958).

**[2]** The identity of the driver of an automobile may be established by circumstantial evidence, either alone or in connection with direct evidence. *King v. Bonardi*, 267 N.C. 221, 148 S.E. 2d 32 (1966); *Drumwright v. Wood*, 266 N.C. 198, 146 S.E. 2d 1 (1966); *Johnson v. Fox*, 254 N.C. 454, 119 S.E. 2d 185 (1961); *Bridges v. Graham*, 246 N.C. 371, 98 S.E. 2d 492 (1957).

**[6]** Plaintiff's evidence is summarized, except where quoted, in part, as follows:

On the night of 9 December 1966 Hugh Bigham, Jr. (Hugh), Donald Sisk (Donald), Leonhardt and Morris were riding around in the Town of Morganton in a 1964 Chevrolet Super Sport automobile owned by Hugh Elliott Bigham. Hugh was driving the car

during the first part of the evening. Each of the four had consumed about "a beer and a half or two" about an hour and a half prior to the time Hugh and Donald got out of the Chevrolet and went with some girls. It was 11:10 p.m. when Donald and Hugh got into the girls' car. Then Leonhardt began driving the 1964 Chevrolet with Morris sitting in the passenger seat, and they went South on Sterling Street. Jackie David Brittain "about 11:00 or 11:30, somewhere in that neighborhood," saw someone operating the 1964 Chevrolet automobile on East Meeting Street going by Hardee's. He could not tell who was operating the car. He followed it and was stopped by a red light at Hendrick's Curb Market, a short block behind the 1964 Chevrolet which was stopped by a red light at "Wells and Seals." Another car, which looked like an Oldsmobile, was parked by the side of the 1964 Chevrolet. When the light changed, the Oldsmobile and Chevrolet left "at a high rate of speed." The witness Brittain testified:

> "I saw the Chevrolet from the time that it left the light at Wells and Seals. I saw it go into the curve at Burke Dairy and as it went into the curve at Burke Dairy the '64 Chevrolet was kind of sliding to the right the way the curve goes. . . . When I saw the Chevrolet automobile in the curve I could not see the Oldsmobile. It was way in front of the Chevrolet. I do not have an opinion as to how far it is from the light at Wells and Seals to the curve down at Burke Farmers Dairy, but it should be a short block and a half maybe or maybe a block.
>
> I observed the automobile during the entire time that it was traveling from the traffic light at Wells and Seals to the Burke Farmers Dairy. I have an opinion that the automobile was traveling 70 or 80 miles an hour at the time it went into the curve at Burke Dairies. When I got to the curve at Burke Farmers Dairy, I saw this 1964 Chevrolet parked out straight across in front of the road, the front end out in the road, back end was against a tree. At that time I saw steam coming off of the engine, out of the radiator I guess. At that time I did not see anything along the left side of the roadway back from where the automobile was in the roadway, but later I saw some kind of pole knocked down and some cars were torn up, looked like where he had hit them as he went down. I got out of my automobile and there was no one at the car when I got there.
>
> . . . When I got out of my car, I went over to the car and I saw James Leonhardt. At that time there was a boy in there whose name I didn't know. The boy that I didn't know was

down in the seat and James had him covered up. I couldn't see his face. The boy that I didn't know was in the passenger seat opposite from the driver. James Leanhardt was laying in a kind of upright position on the other boy's shoulders with his back on his shoulder. I paid attention to the feet and legs of James Leonhardt and they were under the brake pedal and clutch pedal. The automobile had bucket seats and had a console in the middle. The console was level with the seats. The buttocks of James Leonhardt was sitting on the console. The other boy was kind of over close to the door, he was kind of scooted down in on the seat about the end."

From the damage to the 1964 Chevrolet, it appeared that the right or passenger side hit the tree near the right front.

Plaintiff's witness Wade Buchanan testified that he heard the collision and that it occurred between 11:30 and 11:45 p.m. Then he went to the scene which was about 100 yards away from his home. He testified:

"Morris was sitting on the right side of the car slumped down in the seat sitting on the edge of the seat with his feet and legs under the dash and his head was lying over next to the right window. Leonhardt was sitting on the driver's seat and the console with his feet up under the steering wheel and pedals and his head and shoulders were lying on Morris' chest about right in here (indicating). Morris looked like he was breathing, but I did not touch these people at any time. I did not see anyone else around the car touch the boys. The right ear of the Morris boy was cut real bad. It was just about cut off. That was the one that was up against the window and door. He had some cuts about his face. I did not leave the scene until the ambulances came. Nobody moved the boys before the ambulance people came."

Plaintiff's witness Richard Elden Abernethy testified that on this occasion he was working for Kirksey Funeral Home and answered a call on 9 December 1966, arriving at the scene of this collision between 11:30 and 11:45 p.m. He testified:

"I went to the car and I saw James Leonhardt and Wally Morris in the autmobile. James was slumped over Wally Morris. James was on the lefthand side of the car, Wally was on the righthand side sloped down toward the floorboard. I paid attention to the feet and legs of James Leonhardt. His feet was under the clutch pedal and his waist was on the console between the driver's seat and the console. The buttocks or rear

portion of James Leonhardt was planted between the console and the driver's seat. He was half on the edge of the seat and the console."

Leonhardt, at the time the ambulance attendant arrived, showed no signs that he was breathing, and Morris "was unconscious and just gasping for breath like he was choking to death." Leonhardt and Morris both died that night as a result of injuries received in the collision.

Plaintiff's witness Bobby M. Stamey testified that he was a police officer of the Town of Morganton and arrived at the scene of this collision at about midnight on 9 December 1969. He found a 1964 Chevrolet automobile had been involved in the accident and measured skid marks extending from the vehicle for a distance of 326 feet and 9 inches. The 1964 Chevrolet bore license plate number EL 4972. He testified:

"I made an investigation of the automobile to determine the Motor Vehicle Number of the same. The Motor Vehicle Number was 41447Y178679."

Plaintiff introduced into evidence a certified copy of a Certificate of Title issued to Hugh Elliott Bigham for a 1964 model Chevrolet Coupe bearing Motor Number 6399418 and having Serial or Identification Number 41447Y178679.

[3] Defendants contend that the evidence shows that Morris was guilty of contributory negligence as a matter of law. This contention is without merit. There is no evidence that Leonhardt or Morris was under the influence of liquor. There is no evidence that Leonhardt was driving improperly until the apparent race with the Oldsmobile immediately prior to the fatal wreck. The contention of defendants as to contributory negligence of Morris, on this record, is without merit.

[4] Defendants also assert that the plaintiff failed to show pecuniary loss in the death of his intestate. This contention is without merit. The parties stipulated that the record constituted an agreed case on appeal. On pages 46 and 47 of the record on appeal, there is a reference to the omission from the record of testimony as to the health, character, education and working habits of plaintiff's intestate. This reveals that there was at least some evidence thereof. Perhaps this testimony should not have been omitted. However, we think this reference that there was such evidence was sufficient to show pecuniary loss under the rule stated in *Greene v. Nichols*, 274 N.C. 18, 161 S.E. 2d 521 (1968).

**[5]**  Plaintiff relied upon the provisions of G.S. 20-71.1 in order to make out a case against Bigham. This statute provides that:

". . . (b) Proof of the registration of a motor vehicle in the name of any person, firm, or corporation, shall for the purpose of any such action, be prima facie evidence of ownership and that such motor vehicle was then being operated by and under the control of a person for whose conduct the owner was legally responsible, for the owner's benefit, and within the course and scope of his employment."

**[5, 6]**  Considered in the light most favorable to the plaintiff, we are of the opinion and so hold that the evidence offered by plaintiff is sufficient to permit, but not compel, a jury to draw the legitimate inference from established facts that Leonhardt was driving the 1964 Chevrolet automobile owned by Hugh Bigham at the time of the fatal wreck. For a similar but not identical factual situation, see *Yates v. Chappell*, 263 N.C. 461, 139 S.E. 2d 728 (1965). We think the plaintiff also offered sufficient evidence, in view of the provisions of G.S. 20-71.1, to require submission of the case to the jury against Bigham. We hold there was error in allowing the motion of each defendant for judgment of nonsuit.

Reversed.

MORRIS and HEDRICK, JJ., concur.