## No. C-245

**James H. Brayman v. The National State Bank of Boulder, Colorado, as Executor of the Estate of Rex W. Firkins, Deceased, and Hope Firkins**

(505 P.2d 11)

Decided January 15, 1973.

Weller, Friedrich, Hickisch and Hazlitt, William H. Hazlitt, for petitioner.

Daniel S. Hoffman, Gerald P. McDermott, for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

We granted certiorari to the Colorado Court of Appeals to review a decision reversing the trial court judgment. (*National*

*State Bank of Boulder, Colorado v. Brayman,* 30 Colo. App. 554, 497 P.2d 710).

This is a tort case involving two actions which arose out of a one-car automobile accident. The original action was brought by Rex Firkins through his wife, Hope Firkins, as next friend (Rex Firkins never having regained consciousness after the accident). Mrs. Firkins also was plaintiff in her own name, seeking damages for loss of consortium. Upon Rex Firkins' death, a motion was made to substitute the National State Bank of Boulder, Colorado, executor of the estate of Rex Firkins, as plaintiff under the survival statute. Mrs. Hope Firkins sought to join and amend her claim under the wrongful death statute. The defendant was James H. Brayman, a fishing companion of Firkins. The allegation seeking to hold Brayman liable was that he drove the Firkins car at the time of the accident.

At a location near Leadville, Colorado, known as Malta Curve, on Highway 24, the Firkins car was involved in a one-car accident. The totally demolished and empty vehicle was found in a field off the highway. Mr. Firkins was found lying on the ground some 72 feet from the vehicle. No other person was found at the scene. Also found at the scene were Brayman's wristwatch and a pool of blood — not identified. Mr. Brayman was not at the scene at any time during the investigation. There was no competent evidence that Brayman himself had been at the scene or that he had lost any blood.

A highway patrolman testified to the above observations in addition to the measurements of the accident. Based upon his experience in accident investigation, he was allowed to state his opinion as to how the accident occurred. He had no knowledge as to the identity of the driver. Also evident from the patrolman's testimony were the differences in his accident reports as to how the accident occurred.

■■ A subsequent expert witness, Professor Richard Crawford, an "accident reconstructionist," testified in detail as to how, in his opinion, the car left the road, rolled, turned, and bounded, describing each position and angle. Although the

court had stated before that Crawford was not competent to express such opinions, he was permitted to express an opinion that Brayman was in the car and in the driver's seat. After cross-examination, the court — correctly we hold — struck Crawford's testimony on the ground that it was based on hearsay.

Upon these facts the trial court dismissed the action at the end of the plaintiffs' case in chief, holding that there was no evidence as to who was driving the vehicle and no evidence of defendant's negligence.

The Court of Appeals on certiorari ruled that the trial court erred in striking Professor Crawford's testimony, erred in ruling the plaintiffs had not presented a prima facie case, and erred in ruling that C.R.S. 1963, 154-1-1, was applicable to the case.

Petitioner argues that the Court of Appeals erred in applying the law and in making findings of fact that plaintiffs had established a prima facie case of liability. We agree and reverse the judgment of the Court of Appeals.

Both parties agree that there is a rebuttable presumption in law that the owner of a motor vehicle being present in the vehicle — but being outside when found — was driving his own car. Cases in Colorado support this presumption. *Moore v. Skiles,* 130 Colo. 191, 274 P.2d 311; *Dwinelle v. Union Pacific Railroad Co.,* 104 Colo. 545, 92 P.2d 741; *American Insurance Co. v. Naylor,* 101 Colo. 34, 70 P.2d 349. Other jurisdictions in accord are *McElroy v. Force,* 75 Ill. App.2d 441, 220 N.E.2d 761; *Robinson v. Workman,* 9 Ill.2d 420, 137 N.E.2d 804; *Marean v. Petersen,* 259 Iowa 557, 144 N.W.2d 906; *Sprader v. Mueller,* 265 Minn. 111, 121 N.W.2d 176; *Rodney v. Staman,* 371 Pa. 1, 89 A.2d 313; *Campbell v. Fry,* Mo. App., 439 S.W.2d 545; 8 Am. Jur. 2d *Automobiles* § 910; *Annot.,* 32 A.L.R.2d 988 (1953). In *Moore v. Skiles, supra,* there is an even stronger presumption — that the owner being present (though not necessarily driving) is presumed to be in control of the operation of the vehicle. That the latter rule also prevails in other jurisdictions is amplified in *Annot.,* 65 A.L.R.2d 312.

Involved in this case is the question of the quantum and type of evidence required to meet the presumption thereby raising a fact issue to be submitted to the jury for its determination. Whether the standard be "direct," "substantial," "clear and convincing" or even "any" evidence, we can summarily dismiss respondents' assertions that such level has been met. As we review the record and exhibits, we see only incompetent opinion, speculation, variable accident reports, unidentified blood, and a watch allegedly belonging to the defendant. Perhaps symbolic of the entire case is the speculative conjectural opinion by an "accident reconstructionist." This quantum and type of evidence certainly does not rebut the two legal presumptions which form the law of the case.

To hold that such evidence overcomes the presumption and creates a prima facie case is to give the presumption no legal effect or weight at all. It was error for the Court of Appeals to give little credence to the presumption and to find on this record evidence to overcome it. The holding of *Sprader v. Mueller, supra,* sums up our view and is especially relevant:

"We adopt the rule supported by the great weight of authority that where the owner is an occupant of his own vehicle at the time of an accident, it is prima facie evidence that he was the driver. Such circumstances create a rebuttable presumption that the owner was in control, and he has the burden of overcoming that presumption. In the absence of direct evidence because of death or amnesia, and where, as here, the circumstantial evidence is wholly inconclusive, it is the duty of the court to hold that the owner was the driver when the accident occurred."

Concerning the second issue regarding the application of C.R.S. 1963, 154-1-1 (the so-called Dead Man's Statute) to a combined suit by deceased's executor and his widow under C.R.S. 1963, 41-1-1, our disposition makes it unnecessary to consider the problem.

Judgment reversed and cause remanded to the Court of Appeals with directions to dismiss the action.

MR. JUSTICE GROVES and MR. JUSTICE ERICKSON do not participate.