Sharon PERRICONE, Appellant,

v.

John DeBLAZE, Respondent.

No. 45940.

Missouri Court of Appeals,
Eastern District,
Division One.

June 21, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 1, 1983.

Application to Transfer Denied
Sept. 20, 1983.

Steven I. Toybes, Clayton, for appellant.

E.C. Albrecht, Jr., St. Louis, for respondent.

STEPHAN, Judge.

Plaintiff Sharon Perricone appeals from a judgment against her and for defendant John DeBlaze on her claim for damages arising out of an automobile collision. We affirm.

On January 13, 1978, plaintiff was a dinner guest at the home of Mr. and Mrs. Tom Wheeler. Also present at the Wheeler home was an acquaintance of plaintiff, Robert Judd. When plaintiff was ready to leave, Judd offered to drive her home, and plaintiff agreed. By mutual agreement, Judd and plaintiff did not proceed directly to plaintiff's home but drove around in the vicinity looking at Christmas lights. At a point several blocks from plaintiff's home,

Judd pulled into a driveway on the north side of Acorn Street. After an undetermined length of time, Judd backed the car into the street blocking both lanes, where the car was struck by a west bound vehicle driven by defendant.

■ Plaintiff on appeal complains that the trial court erred in submitting instruction number 9, which permitted the jury to impute the negligence of the non-party driver to the plaintiff-passenger on the theory of joint venture.[1] Instruction number 9 is set out as follows:

Your verdict must be for defendant if you believe:

First, the driver, Robert Judd, was on a joint venture with plaintiff, at the time of the collision, and

Second, Robert Judd stopped plaintiff's motor vehicle in a lane reserved for moving traffic, and

Third, Robert Judd was thereby negligent, and

Fourth, such negligence of Robert Judd directly caused or directly contributed to cause any damage plaintiff may have sustained.

Acts were within a "joint venture" as the phrase is used in this instruction if:

1. They were performed by Robert Judd to serve the common interests of plaintiff and Robert Judd according to an expressed or implied agreement with plaintiff, and

2. Plaintiff either controlled or had the right to control the physical conduct of Robert Judd.

The main thrust of plaintiff's argument is that the instruction did not require, and defendant failed to prove, all the elements of a "joint venture."

■ The term "joint venture" is usually considered in a commercial or business trip context. See *Manley v. Horton,* 414 S.W.2d

254, 260 (Mo.1967). However, the term was used here in the sense of a mutual enterprise within the concept of agency. See *Kieffer v. Bragdon,* 278 S.W.2d 10, 16 (Mo. App.1955). Under Missouri law, when one operates the automobile of another while the owner is a passenger, acquiescing in the operation, a presumption arises that the driver is the agent of the owner and within the scope of his agency. *Campbell v. Fry,* 439 S.W.2d 545, 548 (Mo.App.1969); *Fidelity and Casualty Company of New York v. Western Casualty and Surety Company,* 337 S.W.2d 566, 577 (Mo.App.1960).

■ That plaintiff was the owner-passenger in the vehicle and Judd the driver is not in dispute. There was substantial evidence from which the jury could find that plaintiff acquiesced in allowing Judd to drive her home. As owner of the car, plaintiff possessed the right to control and direct its operation, and she testified that she understood she had that right. See *Kieffer,* supra, 16; *Dilallo v. Lynch,* 340 Mo. 82, 101 S.W.2d 7, 13 (1936). Plaintiff could not conceivably be prejudiced by the use of the term "joint venture" in the instruction as long as the elements of that term, as contained in the definition, properly described a relationship between plaintiff and her driver which permitted the negligence of the driver to be imputed to her and for which there is evidentiary support. The instruction meets both tests. It is not a matter of major significance that the instruction characterized the relationship as a joint venture rather than "a joint journey or enterprise," (or similar term) in which the automobile owner retained control. See *Kieffer,* supra, 16. The instruction, however, does not commend itself to future use, for it does not define the legal concept of joint venture. Nevertheless, the defense pleaded and tried to the jury was that of agency. Therefore, under the circumstanc-

---

1. Plaintiff states the elements of joint venture as: (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enter- prise, which gives an equal right of control. Plaintiff is correct in this assertion. *Manley v. Horton,* 414 S.W.2d 254, 260 (Mo.1967). Plaintiff's claims of error focus on the failure of the instruction to require a finding of the third element, community of pecuniary interest.

es of this case, misnomer of the legal relationship between plaintiff and her driver did not constitute reversible error in light of the instructional definition accorded to it.

The judgment is affirmed.

SIMON, P.J., and KAROHL, J., concur.